CORNELIUS JORDAN, Respondent, v. E. I. DONOVAN, Appellant.

(172 N. W. 838.)

**Mortgages — contract for deed — construction of instrument.**

1. A certain contract for deed, executed by defendant to plaintiff, covering a certain tract of land, is examined and under all the circumstances of the case it is *held* that such contract as a matter of law is in the nature of a mortgage, and it is *held* to be such.

**Mortgages — contract for deed — redemption — allowance of attorney's fees.**

2. Defendant foreclosed the contract and recovered judgment for the full amount owing thereunder. Plaintiff endeavored to redeem and tendered the full amount necessary to make redemption from such foreclosure. Defendant refused to receive the same unless plaintiff would pay an additional sum of $1,000 claimed to have been paid out by defendant as attorney's fees in defending Jordan's title to the land against certain actions seeking to contest his title thereto. *Held* that plaintiff had the right to redeem without paying or tendering to defendant the $1,000 alleged by the defendant to have been paid out by him for attorney's fees.

42 N. D.—41.

**Lis pendens — foreclosure — claim for attorney's fees.**

3. If plaintiff owed defendant any sum for money expended for alleged attorney's fees, it constituted a simple debt only, and could not be tacked on to the amount necessary to redeem from the foreclosure sale; neither did indebtedness from plaintiff to defendant, if any, on account of defendant paying out money for plaintiff for attorney's fees in defending the title, confer any right or authority upon the defendant to file a notice of *lis pendens* in an action brought by defendant to recover the amount alleged to have been paid out for attorney's fees on behalf of plaintiff.

Opinion filed May 9, 1919.

Appeal from the District Court of Cavalier County, Seventh Judicial District, Honorable *C. W. Buttz,* Judge of the Second Judicial District, acting for and at the written request of Honorable *W. J. Kneeshaw,* Judge of the Seventh Judicial District.

Affirmed.

*Geo. M. Price,* for appellant.

"A trustee is entitled to the payment out of the trust property of all expenses actually and properly incurred by him in the performance of his trust. He is entitled to the repayment of even unlawful expenditures if they were productive of actual benefit to the estate." Comp. Laws 1913, § 6308.

"Upon an accounting against a trustee he is entitled to credit for attorney's fees and the court costs properly expended by him for the defense and preservation of the trust fund." 39 Cyc. 329, 339, 480.

"Money advanced by a mortgagee for expenses and counsel fees in setting aside tax titles to the mortgaged property may be recovered by him from the mortgagor in a suit to foreclose the mortgage." 27 Cyc. 1779, note.

*G. Grimson,* for respondent.

To allow for special circumstances, the statute gives the court power to extend the time. When that has not been done, however, then the court is limited by the statute to the time therein provided within which to settle the statement. See 4 C. J. 271; St. Croix Lumber Co. v. Pennington, 11 N. W. 497.

In the case of Wright v. Juhl (S. D.) 93 N. W. 648, the court held that jurisdiction could not even be granted after the time expired to

make a motion for a new trial by stipulation of counsel, and quotes a number of cases. Higgins v. Rued, 30 N. D. 551; Grove v. Morris, 31 N. D. 8.

The foreclosure of a mortgage for a part of the debt exhausts the lien. See 27 Cyc. 1790; 37 L.R.A. 737; Borden v. McNamara, 20 N. D. 225, and Derelius v. Davis (Minn.) 77 N. W. 214.

"The rule of lis pendens does not apply to an action for the recovery of a money judgment, nor in any other action which does not directly affect real property." See 25 Cyc. 1454; Wheeling v. Perry, 14 W. Va. 66; St. Joseph Mfg. Co. v. Dagett, 84 Ill. 556, recites: "A judgment for a sum of money which may be satisfied by the sale of the real estate, if not otherwise satisfied, is not lis pendens in regard to the title of the real estate of the defendant in the judgment." Cited in 33 Century Dig. 1394; Gales v. Christy, 4 La. Ann. 293; Carson v. Fears, 91 Ga. 482; Armstrong v. Carwile, 56 S. C. 463, 35 S. E. 196; Shearon v. Henderson, 1 Tex. 326; Kaufman v. Simis, 147 N. Y. S. 478; Knox v. Parker, 167 Ala. 647; Fiegley v. Fiegley, 14 Am. Dec. 375; Joslyn v. Schwend (Minn.) 93 N. W. 705; Painter v. Gunderson, 143 N. W. 911, the court held: "Where the mortgagor has suffered his right of redemption to elapse or become barred by fraud practised upon him, or ignorance of his rights or consequence of his acts or through unavoidable accident or justifiable mistake, he may maintain a bill in equity to redeem. Any of these grounds are sufficient to justify the intervention of equity for his relief." 27 Cyc. 1847; Newman v. Locke (Mich.), 36 N. W. 166.

Held: Where the plaintiff in a suit shows that he understood that the redemption was to be made for him by another and that he relied on that belief, and did not attempt to raise the money, he will be allowed to redeem and is entitled to an accounting. To the same effect, see Nolan v. Rankin (Minn.) 77 N. W. 191.

"Where the defendant is guilty of fraud, and the plaintiff does not choose to sue him for redemption but sues him in account, equity takes the part of the plaintiff and compels an accounting." Prondinski v. Garbut, 8 N. D. 191; Chaffee v. Conway, 103 N. W. 269; Agars v. Slifer, 89 Ind. 433; Benton v. Streene, 4 Ind. 66; Wilson v. Eggelson, 27 Mich. 259; Dwer v. Blake, 44 Ill. 135. See also Hedlin v. Lee, 21 N. D. 495.

It is well settled that if the statute directs that the notice be served upon the person in whose name the land is assessed and a notice to any other person is not a notice at all. Rector v. Maloney, 88 N. W. 575.

A tax title is purely technical as distinguished from a meritorious one, and depends for its validity upon strict compliance with all the provisions of the statute. Power v. Bodle, 3 N. D. 107; Power v. Larabee, 2 N. D. 141; O'Niel v. Tyler, 3 N. D. 47; Swenson v. Greenland, 4 N. D. 532; Crawford v. Lee, 10 N. D. 482; Dever v. Corwell, 10 N. D. 123.

GRACE, J. Appeal from the district court of Cavalier county, C. W. Buttz, of the second judicial district, acting for and at the written request of W. J. Kneeshaw, Judge of the second judicial district.

This action is one which involves the right of the plaintiff to redeem from the foreclosure of a certain mortgage against land claimed to be owned by the plaintiff.

The material facts are as follows:

In 1894, Jordan by contract purchased from Baker, Moran, and P. C. Donovan, the following land in the county of Cavalier and state of North Dakota: The southeast quarter of Sec. 17, T. 161, R. 58, for the sum of $450, $100 of which he paid. At this time the plaintiff owed the defendant $411 and to secure the payment thereof assigned to the defendant his purchase contract for the land. The vendors' title to the land sold to Jordan was received by them under and by virtue of a certain tax deed, which was issued to them by the auditor of Cavalier county, North Dakota. The balance of the original purchase price, $350, was paid to Baker, Moran, and P. C. Donovan by E. I. Donovan, to whom the plaintiff had assigned his contract. In February, 1900, it was found there was still due from Jordan to Donovan $750. For this Jordan gave his note at 12 per cent interest. On February 24, 1900, a contract for deed in writing was executed by Donovan to Jordan wherein Donovan agreed upon the payment of $750 in the manner and at the time specified in the contract to convey to Jordan by quitclaim deed the premises in question. This is the contract which Donovan foreclosed and which was determined by the district court to be a mortgage.

At the time E. I. Donovan paid Baker, Moran, and P. C. Donovan the balance owing on the contract between them and Jordan, he received

a quitclaim deed from each of them of their interest in the premises. The defendant secured four additional tax deeds to the premises, the last one having been procured in January, 1900. The title secured by the defendant by the quitclaim deeds and by the additional tax deeds was held by the defendant in trust for Jordan and as security for the amounts which defendant had paid to Baker, Moran, and P. C. Donovan, the amount which Jordan originally owed the defendant, and as security for the amount paid at the tax sales, which was the consideration of the four additional tax deeds.

E. I. Donovan foreclosed by action the contract of February, 1900, on the land above referred to. A judgment was rendered in that action and the contract held to be a mortgage. The total amount found to be due Donovan upon the certain $750 note which was given by Jordan to Donovan, and upon the contract, including the money paid as consideration for the various tax deeds to said land, the money paid Baker, Moran, and P. C. Donovan, etc., was $1,970.15; the court ordered the sale of the premises to satisfy such judgment and costs. The sale was had and the premises sold at sheriff's sale to E. I. Donovan on March 2, 1915, for $2,153.91, and sheriff's certificate of sale was issued to Donovan. No appeal was ever taken in that action.

There was a fifth tax deed to the premises procured by the Linden Investment Company, of which E. I. Donovan was president and owner of the majority of stock therein. A tax sale certificate had been issued to W. C. Foster, who on the 9th day of December, 1913, purchased at tax sale the land in question for $31.04. He thereafter paid subsequent taxes up to and including the year 1915. In December, 1916, Donovan procured the assignment of the certificate of tax sale held by Foster to the Linden Investment Company. Donovan, on behalf of the Linden Investment Company, presented the tax certificate and assignment to the county auditor for the purpose of procuring a tax deed of the land to the Linden Investment Company. The tax deed was issued to the Linden Investment Company on April 17, 1917.

At the time Donovan presented the tax sale certificate and the assignment thereof to the county auditor, the auditor issued notice of expiration of time for redemption to L. S. Champine and Cornelius Jordan, wherein he stated the time of the expiration of redemption to be March 30, 1918. That notice was served upon Cornelius Jordan, L.

S. Champine, and E. J. Donovan.  E. J. Donovan never had any interest in the land.  On the 16th day of January, 1917, the county auditor issued a new notice of expiration of the time of redemption to L. S. Champine, Cornelius Jordan, and E. J. Donovan, wherein it was stated the period of redemption expired April 16, 1917.  The land at the time of these attempted notices was in the name of E. I. Donovan.  He was not served with either of the notices.  The first notice was never published; the last one was.  The last notice was not personally served upon anyone, nor was it served by mail.

Prior to March 6, 1917, the premises were assessed in the name of L. S. Champine, and since that date in the name of E. I. Donovan.  No legal notice of the time of the expiration of redemption was given.

The Linden Investment Company, by quitclaim deed, transferred all its right, title, and interest in the premises to Donovan.  The Linden Investment Company had notice of the rights of plaintiff in and to the premises, and that Donovan's relation to Jordan with reference to the premises was one of trust.  In securing the assignment of the tax certificate from Foster to the Linden Investment Company, and for the payment of subsequent taxes, there was paid out $179.73 by Donovan.

During the time for redemption from the sale of the land under the judgment in the foreclosure action, Donovan brought a suit against Jordan for the sum of $1,000, which he claimed to have expended in defending the title to Jordan's land against attacks made thereon by one Champine, who was endeavoring to set aside the tax deeds to said land above referred to.  That action was brought in the name of George H. Monroe et al., but for the benefit of Champine.

It is not necessary to go to any great length in discussing that case, as it is sufficient to say that Monroe and Champine were defeated in that suit; that case is reported in 31 N. D. p. 228, 153 N. W. 461.  It is claimed by Donovan that he paid out the $1,000 in defending that suit.  The record in this case, however, shows that Donovan was defending a companion case of similar character involving land in which Jordan had no interest.

In his cross-examination Donovan testified as follows:

Q. Jordan had no interest in that other land at all?  A. No. None whatever.

Q. And these attorneys that you have spoken of whom you hired defended that action also? A. Yes, sir.

Q. So you would have hired those attorneys to defend those cases irrespective of the Jordan case? A. I would.

By the Judge:

Q. You mean those actions that Jordan wasn't interested in? A. Yes, sir.

Q. The actions were tried practically together? A. At the same time.

Q. The action which you refer to here is the action of James Mac Dowell et al. vs. Yourself et al.? A. Yes.

Q. Now as a matter of fact, Donovan, you wanted the payment of this $1,000 as a condition precedent to your giving title to Jordan, didn't you? A. I didn't think it had anything to do with the redeeming of the land.

Q. But you didn't want to turn the title over to Jordan until you got the $1,000? A. No, sir, I didn't.

Q. And it was with that intention that you filed that *lis pendens*? A. It was with the intention of getting the money back that I had paid out.

Q. And you wanted that land until you did get the $1,000? A. That was the purpose of the *lis pendens* as I understood a *lis pendens*.

The actions were tried at the same time. It appears from Donovan's testimony that he was defending those actions to protect his own interest. Jordan also employed a different attorney than the one employed by Donovan to defend his interest. It is clearly shown by the testimony of Donovan that Jordan hired his own attorney in that litigation.

It is not necessary to decide in this case whether Jordan is indebted to Donovan for any part of the $1,000 claimed by Donovan to have been paid out by him in defending the title to Jordan's land. If Jordan is indebted to Donovan in any amount on that account, it would constitute a simple debt on the part of Jordan to Donovan. Such debt, if any, would in no sense be a lien upon Jordan's land and would give Donovan no interest in the land, nor would it confer upon him authority to file the *lis pendens* which was filed in the suit.

On the 1st day of March, 1916, the defendant, by Jordan or others

acting on his behalf, was offered the full amount due him at that time under terms of the foreclosure sale. He refused to receive and accept that amount and release the *lis pendens* unless he was paid the further sum of $1,000, the amount he claimed to have paid out for attorney's fees in certain actions above referred to.

In the year 1917 this action to redeem was commenced and later tried and determined. The trial court in its conclusions of law held that Donovan at all times since he first got legal title to the premises as security for Jordan's debt by virtue of the quitclaim deed from Baker, Moran, and P. C. Donovan, and since the execution of the contract between plaintiffs and defendant, has been in the position of mortgagee to the plaintiff, and held such premises in trust for the plaintiff.

The court further held that the title which Donovan received by virtue of the final judgment in the case of Monroe et al. vs. Donovan and Jordan was security for the contract foreclosed upon by the defendant, and that such title as Donovan received in that action inured to the benefit of Jordan upon his redemption of the premises from the foreclosure sale.

The court further held that the deed to the Bank of Mowbray, executed by Donovan to it, was only a mortgage on Donovan's interest in said property, and, in case of redemption by plaintiff in the manner provided in the judgment, the interest of Donovan and the Bank of Mowbray ceased.

That the contract which was entered into between Jordan and Donovan and which was foreclosed by Donovan was in the nature of a mortgage, there is not the least doubt; that all of the tax deeds which are above mentioned to the land which Donovan had procured were held by him as security for what Jordan owed him is equally clear; that all of the indebtedness which Jordan owed Donovan was included in the foreclosure judgment, with the exception of the amount which Donovan paid to the Linden Investment Company, is undisputed except that Donovan claimed in addition to the amount of the judgment and the amount paid to the Linden Investment Company, Jordan was otherwise indebted to him for certain money which he had paid out as attorney's fees on Jordan's account. The deed which Donovan gave to the Bank of Mowbray of the land in question was properly held to be a mortgage so far as this plaintiff is concerned.

The trial court decreed that Jordan had the right and was entitled to

redeem the premises from the foreclosure sale by paying to the sheriff of Cavalier county, North Dakota, for the defendants, E. I. Donovan and the Bank of Mowbray, which had been interpleaded, the sum of $2,153.91, with interest thereon as specified in the judgment, and in addition thereto $179.73 for the taxes on said land for the years 1912 to 1915, inclusive. It was provided in the judgment specifically what the plaintiff would be required to pay to the sheriff in order to effect such redemption, and that such payment should be made within ninety days from the final entry of the judgment.

Judgment in this case further provided that when Jordan, within the time specified in the judgment, paid the amount therein set forth, a certificate of redemption of said premises should issue to him, passing to him all the right, title, and interest of the defendants, Donovan and Bank of Mowbray, and further provided for the cancelation of the sheriff's deed of the premises which had been issued to Donovan, and the auditor's deed conveying the premises to the Linden Investment Company, and upon the payment of the amount specified in the judgment in the manner and time therein stated quieted the title in Jordan as against any claims of Donovan either by virtue of his tax title or his alleged title under the tax deeds or alleged title otherwise acquired to the premises, and also quieted the title as against any interest of the Bank of Mowbray.

Jordan fully complied with the judgment of the court in this case, and paid to the sheriff the full amount specified in the judgment, and, if the judgment is affirmed, he is entitled to the sheriff's certificate of redemption.

It is clear that the action of Donovan against Jordan to recover the $1,000 alleged to have been expended on Jordan's account in payment of attorney's fees is one for money only. The only recovery Donovan can possibly have, if any, in that action, is a judgment for whatever amount he may by competent testimony show himself entitled to recover. The maintenance of such action by Donovan against Jordan did not authorize the filing of the notice of *lis pendens* in connection therewith. It was not such a case as under the statute permits the filing of a *lis pendens,* as it involved no actual claim or interest in the land.

The respondent made a motion to strike the statement of the case on the ground that, within thirty days after the notice of entry of judg-

ment, there was no settlement of the case and no application made within the thirty days as provided by § 7765, Compiled Laws of 1913, for an extension of time to procure the transcript or for time within which to settle the statement of the case. The matter is of no importance in this case, a decision on the merits being in favor of respondent. It is not, therefore, a material point in issue in this case.

There is no specification of errors made or served with the notice of appeal and undertaking and none in the record on appeal. The appellant has simply appealed from the judgment and demanded a trial *de novo*. There is, therefore, no need of further discussion of any of the matters involved in the appeal, nor is it necessary for the court to make any further analysis of any of the points discussed in the briefs of the respective parties. From all we have said, it is manifest that the judgment should be affirmed. It is affirmed. The respondent is entitled to his costs upon appeal.

CHRISTIANSON, Ch. J. (concurring). The appellant, by specification settled as part of the statement of case, has demanded a trial anew in this court. I am of the opinion that the trial court did not abuse its discretion in permitting the statement to be settled after the thirty-day period prescribed by § 7765 had expired, and that respondent's motion to strike the statement should be denied. I am also of the opinion that under the facts in this case, which are fully stated in the opinion prepared by Mr. Justice Grace, the judgment appealed from should be affirmed.