[No. C058894. Third Dist. Dec. 10, 2008.]

THE FORMULA INC., Petitioner, v.
THE SUPERIOR COURT OF MONO COUNTY, Respondent;
iSTAR FINANCIAL INC. et al., Real Parties in Interest.

COUNSEL

Michael J. Bornfeld for Petitioner.

No appearance for Respondent.

Katten Muchin Rosenman, Stuart M. Richter, Gregory S. Korman, Melissa S. Glousman; Hardy & Place and Thomas L. Hardy for Real Parties in Interest.

OPINION

**BUTZ, J.—**■ In this case we decide that the California lis pendens statutes, Code of Civil Procedure sections 405 to 405.61,[1] do not authorize recording a notice of litigation that is pending in the courts of another state. The Formula Inc., a Florida corporation, filed an action in Florida alleging a right to compel construction and sale to it of condominium units located in Mono County, California. The Formula then recorded a notice of the Florida action, purportedly under section 405.20,[2] in the office of the recorder of Mono County. Real parties in interest iStar Financial Inc. (iStar), a Maryland

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

[2] Section 405.20 provides: "A party to an action who asserts a real property claim may record a notice of pendency of action in which that real property claim is alleged. The notice may be recorded in the office of the recorder of each county in which all or part of the real property is situated. The notice shall contain the names of all parties to the action and a description of the property affected by the action."

corporation, and SFI Mammoth Holdings LLC (SFI), a Delaware limited liability corporation, successfully applied to the Superior Court of Mono County for an order expunging the recorded notice, purportedly under section 405.30.[3] The Formula petitioned this court to overturn the expungement order on the ground, inter alia, that, under section 405.30, expungement is only available by application "to the court in which the action is pending."

■ We issued the alternative writ to address the novel questions[4] of application of the California lis pendens statutes to out-of-state litigation. We conclude the expungement order should not have been granted under the authority of section 405.30 because our lis pendens statutes do not apply to a notice of litigation in the courts of another state. However, while the reason was wrong, the trial court's order was correct because there is no authority to record such a notice and The Formula is not entitled to relief from the order. We shall deny the petition for writ of mandate.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 16, 2007, The Formula recorded in Mono County the notice of pendency of the Florida action asserting a real property claim pertaining to a Mammoth Lakes, California condominium project. (Civ. Code, § 1351, subd. (f).) The noticed action, against Mammoth 8050 LLC (Mammoth), a Delaware limited liability company, reportedly seeks specific performance of a contract to purchase individual units in the project.[5]

On January 11, 2008, iStar and SFI filed a new action in the Mono County Superior Court to quiet title and for declaratory relief as to the claim of The Formula. They alleged, in essence, (1) Mammoth had owned the property;

---

[3] Section 405.30 provides: "At any time after notice of pendency of action has been recorded, any party, or any nonparty with an interest in the real property affected thereby, may apply to the court in which the action is pending to expunge the notice. However, a person who is not a party to the action shall obtain leave to intervene from the court at or before the time the party brings the motion to expunge the notice. Evidence or declarations may be filed with the motion to expunge the notice. The court may permit evidence to be received in the form of oral testimony, and may make any orders it deems just to provide for discovery by any party affected by a motion to expunge the notice. The claimant shall have the burden of proof under Sections 405.31 and 405.32."

[4] The lis pendens statutes were first enacted in 1872. Whether they apply to litigation in courts of other states has never arisen in a reported California decision.

[5] An action for specific performance of a realty contract is generally held to be an action in personam that can be maintained in a state other than the one in which the property is located. (See, e.g., *Cobb v. National Lead Co.* (E.D. Ark. 1963) 215 F.Supp. 48.)

(2) iStar and SFI held purchase money and development loan notes, secured, inter alia, by a deed of trust recorded in December of 2004; (3) Mammoth defaulted in 2007; (4) in lieu of foreclosure, Mammoth conveyed title to them; and (5) The Formula's contract documents were executed in 2005, are subject to cancellation, and were properly cancelled.

On March 4, 2008, iStar and SFI filed a motion, under section 405.30, in the Mono County quiet title action, to expunge the lis pendens. They argued that California lis pendens statutes are inapplicable to litigation pending in another state. In addition, they argued that the court should grant an expungement order on the ground, inter alia, that The Formula could not show probable validity of its claim under section 405.32.[6]

The Formula opposed the motion on the grounds that: (1) California lis pendens statutes are applicable to litigation in another state; (2) under section 405.30, an expungement motion is only authorized in "the court in which the action is pending," to wit, the Florida court; and, in any event, (3) The Formula would probably prevail on its claim in the Florida court.

The motion came on for hearing on April 17, 2008. After the matter was submitted, the trial court indicated it would grant the motion. On April 22, 2008, iStar and SFI filed and served a document, entitled "Notice of Ruling on Motion to Expunge Lis Pendens," asserting that the motion had been granted. On May 19, 2008, The Formula filed the petition for writ of mandate in this court. On June 16, 2008, we issued the alternative writ.

## DISCUSSION

### I. Litigation in Courts of Another State Is Not a Matter Within the Ambit of California's Lis Pendens Statutes

The Formula contends that the superior court lacked jurisdiction to grant expungement relief because the motion was brought under section 405.30 (see fn. 3, *ante*, at p. 1458). The Formula argues that under section 405.30, the motion can only be heard by "the court in which the action is pending," which action is the "action in which that real property claim is alleged" (§ 405.20; see

---

[6] Section 405.32 provides: "In proceedings under this chapter, the court shall order that the notice be expunged if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim. The court shall not order an undertaking to be given as a condition of expunging the notice if the court finds the claimant has not established the probable validity of the real property claim."

fn. 2, *ante*, at p. 1457). The Formula concludes that because section 405.30 assigns authority to hear the expungement motion to the Florida court, the Mono County court lacked subject matter jurisdiction to grant expungement. The Formula relies on the principle that a court has no power to hear cases that are exclusively assigned by statute to another court.

■ The Formula's jurisdictional argument presupposes that its lis pendens is authorized by section 405.20 (see fn. 2, *ante*, at p. 1457). The Formula assumes it is within section 405.20, as "[a] party to an action who asserts a real property claim may record a notice of pendency of action in which that real property claim is alleged." That is the threshold issue: whether litigation in the courts of another state is a matter within the ambit of California's lis pendens statutes. Nothing in the text or history of the statutes indicates legislative intent to include litigation in the courts of another state within their reach. Moreover, there is no assurance that construing the statutes to include such litigation will preserve the balance of the statutory scheme between protection of third party claimants and abuse of lis pendens. Accordingly, we will decide that litigation in the courts of another state is not a matter within the ambit of California's lis pendens statutes.[7]

Real parties in interest iStar and SFI argue that the superior court's order should be upheld because the lis pendens statutes do not apply to litigation in other states. Their argument suggests that jurisdiction to hear a motion to expunge is not assigned to the Florida court by section 405.30, because the notice of litigation in another state is simply not authorized by section 405.20. If this is correct, The Formula's notice filing is ultra vires, outside the California statutory scheme, including section 405.30. SFI and iStar argue that the superior court "necessarily was the proper court to expunge a lis pendens that should never have been recorded in California in the first instance."

The Formula argues that the California lis pendens statutes do apply to litigation in courts of other states. The Formula relies principally on Note, *The Protection of Land Decrees: The Use of Lis Pendens in Interstate Litigation Affecting California Real Property* (1984) 36 Hastings L.J. 255 (hereafter Note, *Interstate Lis Pendens*). The note urges that notices of litigation in other state courts should be deemed authorized under the California lis pendens statutes, because that would advance a purpose of the

---

[7] Out-of-state courts, without much discussion of the language of the particular statutes in question, are split on the general question. (Compare, e.g., *Kerns v. Kerns* (Colo. 2002) 53 P.3d 1157, *Belleville State Bank v. Steele* (1984) 117 Wis.2d 563 [345 N.W.2d 405] and *Winters v. Schulman* (Utah Ct.App. 1999) 977 P.2d 1218 [1999 UTApp 119] with *Ludvik v. James S. Jackson Co., Inc.* (Wyo. 1981) 635 P.2d 1135 and *Permanent Financial Corp. v. Taro* (1987) 71 Md.App. 489 [526 A.2d 611].)

statutes to protect the interests of third party claimants against sale to a bona fide purchaser. The note acknowledges such use of lis pendens may hinder California's "ability to control the disposition of its land, to maintain the free transferability of its realty, and to keep its records of title clear." (*Id.* at p. 274.) However, it opines that there are several potential "procedures . . . available to correct the improper use of lis pendens in extraterritorial actions" sufficient to avoid an "unreasonabl[e] burden" to title. (*Id.* at p. 276.) As appears, developments in California's lis pendens statutes, including an important amendment since the note was published, persuade us that such an extension of the statutes is inconsistent with the policies of those statutes.

■ The question is one of statutory construction. The starting point is "with the language of the statute, affording the words their ordinary and usual meaning and viewing them in their statutory context." (*Alcala v. Superior Court* (2008) 43 Cal.4th 1205, 1216 [78 Cal.Rptr.3d 272, 185 P.3d 708].) We read related provisions together as part of an overall statutory scheme, so as to harmonize them and give them all effect if possible. (*People v. King* (1993) 5 Cal.4th 59, 69 [19 Cal.Rptr.2d 233, 851 P.2d 27]; *Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1387 [241 Cal.Rptr. 67, 743 P.2d 1323] (*Dyna-Med*).) The central language is in section 405.20: "an action [that] asserts a real property claim." Should this phrase be construed to include actions in the courts of other states?

Section 22 defines "an action" as follows: "An action is an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." The Code of Civil Procedure has four substantive parts, the first of which is entitled "Of Courts of Justice." (§ 1.) The courts mentioned in this part include the Supreme Court and the courts of appeal (§ 41) and the superior courts (§ 71). Thus, on its face, the language of section 405.20 pertains to an ordinary proceeding in one of those California courts.

Under the common law doctrine of lis pendens a prospective purchaser is on constructive notice of any litigation raising a claim to real property. However, the common law doctrine reaches only litigation in the courts of the state. (See Note, *Interstate Lis Pendens, supra*, 36 Hastings L.J. at p. 258.) The common law doctrine is harsh because a prospective purchaser is obliged to discover any litigation that might be pending anywhere in the state. Lis pendens statutes were enacted to soften this doctrine by requiring that a recorded notice be filed in the county where the real property is located. (See, e.g., Note, *After* Malcolm v. Superior Court *and* Peery v. Superior Court: *A*

*Due Process Analysis of California Lis Pendens* (1982) 70 Cal. L.Rev. 909 (hereafter Note, *Due Process Lis Pendens*); *Malcolm v. Superior Court* (1981) 29 Cal.3d 518 [174 Cal.Rptr. 694, 629 P.2d 495] (*Malcolm*); *Peery v. Superior Court* (1981) 29 Cal.3d 837 [176 Cal.Rptr. 533, 633 P.2d 198]; *Urez Corp. v. Superior Court* (1987) 190 Cal.App.3d 1141, 1144–1145 [235 Cal.Rptr. 837] (*Urez Corp.*).) Because the statutory lis pendens was a cure for a problem that only pertained to litigation within the state, there is no implication that it was intended to apply to litigation in courts of other states. (See Note, *Interstate Lis Pendens, supra,* 36 Hastings L.J. at pp. 271–272.)

■ Thus, nothing in the text or history of the initial enactment of the lis pendens statutes indicates a specific legislative purpose to include litigation in the courts of another state within their reach.

## II. California's Lis Pendens Statutory Scheme Should Not Be Judicially Construed to Extend to Litigation Filed in the Courts of Other States

■ Nonetheless, if inclusion does not contradict the language of the statutes and clearly advances the policy of the statutes, it may be within the reach of judicial construction. (See Note, *Interstate Lis Pendens, supra,* 36 Hastings L.J. at p. 269.) Section 4 expressly enjoins us to afford a liberal construction to the Code of Civil Procedure: "The rule of the common law, that statutes in derogation thereof are to be strictly construed, has no application to this Code. The Code establishes the law of this State respecting the subjects to which it relates, and its provisions and all proceedings under it are to be liberally construed, with a view to effect its objects and to promote justice."

One of the objects or purposes of the lis pendens statutes is to advance the interests of litigant claimants. This is manifest because the statutes continue the policy of protection the common law afforded such litigants, provided they record notice pursuant to its terms. It is also manifest in the 1959 amendment to the statutory scheme, to include within the scheme's ambit actions in the federal district courts. (See former § 409 [now § 405.5[8]], as amended by Stats. 1959, ch. 382, § 1, p. 2306.)

Real parties in interest iStar and SFI argue that this enactment implies, under the maxim *expressio unius est exclusio alterius*, that the statutes should not be extended to litigation in other states' courts. The maxim is grounded in

---

[8] Section 405.5 provides: "This title applies to an action pending in any United States District Court in the same manner that it applies to an action pending in the courts of this state." (As added by Stats. 1992, ch. 883, § 2, p. 4100.)

an inference that when the items expressed are members of an associated group or series, the items not mentioned were excluded by deliberate choice. (See 2A Singer & Singer, Sutherland Statutes and Statutory Construction (7th ed. 2007) § 47:23, pp. 398–412.) "The maxim has been held to be 'inapplicable if there is some special reason for mentioning one thing and none for mentioning another which is otherwise within the statute.' " (*Id.* at pp. 420–421.) In this amendment the Legislature accepted the specific limited invitation of the Congress[9] to extend the reach of the California statutory lis pendens scheme to the federal district courts. Accordingly, the maxim does not apply. There is no inference that our Legislature considered and rejected applying the scheme to litigation in the courts of other states.

Note, *Interstate Lis Pendens* submits that the analogy between federal proceedings and sister-state actions supports judicial extension of the statutes to actions in the courts of other states. (Note, *Interstate Lis Pendens, supra,* 36 Hastings L.J. at p. 272.) We disagree. There is an important policy distinction between the Legislature's extension to federal court actions and the requested extension to actions in courts of other states. The federal extension occurred in the context of an explicit guarantee of federal adoption of California law. The federal scheme provides that the federal courts must apply the entirety of the California statutory law governing lis pendens. That is important because the California statutes, as they have evolved, contain important procedural protections for the benefit of titleholders and prospective purchasers.

Because of a history of abuse of the lis pendens system by third party claimants,[10] the statutes were amended to counterbalance the protection afforded third party litigants with new protections for the interests of property owners and prospective purchasers. (See Note, *Due Process Lis Pendens, supra,* 70 Cal. L.Rev. at pp. 916–919.) In 1968 the lis pendens scheme was amended to provide for the expungement of a notice recorded in bad faith or one which did not pertain to a real property claim. (See former § 409.1, added by Stats. 1968, ch. 815, § 1, pp. 1571–1572.) In 1976 additional amendments shifted the burden of proof to the recording party. (See former § 409.1, as amended by Stats. 1976, ch. 27, § 1, pp. 42–43.) Finally, in 1992,

---

[9] The invitation is tendered in chapter 125 of title 28 of the United States Code at section 1964: "Where the law of a State requires a notice of an action concerning real property pending in a court of the State to be registered, recorded, docketed, or indexed in a particular manner, or in a certain office or county or parish in order to give constructive notice of the action as it relates to the real property, and such law authorizes a notice of an action concerning real property pending in a United States district court to be registered, recorded, docketed, or indexed in the same manner, or in the same place, those requirements of the State law must be complied with in order to give constructive notice of such an action pending in a United States district court as it relates to real property in such State." (Added by Pub.L. No. 85-689, § 1(a) (Aug. 20, 1958) 72 Stat. 683.)

[10] See, e.g., *Malcolm, supra,* 29 Cal.3d at pages 523 and footnote 2, 524 and *Urez Corp., supra,* 190 Cal.App.3d at pages 1144–1145.

the scheme was once again amended to strengthen the protections of owners and prospective purchasers, most significantly by requiring the third party claimant to prove by a preponderance of the evidence, the "probable validity" of the claimant's real property claim. (§§ 405.3, 405.32, added by Stats. 1992, ch. 883, § 2, pp. 4100–4102.)

These amendments to the statutes have created a balance in which the interests of third party litigant claimants, property owners, and prospective purchasers are protected by a somewhat complicated procedural scheme. This balance is an integral part of the policy of the statutory scheme. Unless it is assured the balance is preserved if litigation in the courts of other states is included, such inclusion neither effectuates the statutes' objectives nor promotes justice. (§ 4.)

■ If a lis pendens notice of litigation in the courts of another state could be expunged in a California court under section 405.30, this balance could be maintained.[11] However, that is not the case. We agree with The Formula that the provision—"any party, or any nonparty with an interest in the real property affected thereby, may apply to the court in which the action is pending to expunge the notice" (§ 405.30)—should not be read as a court in which "the action" is not pending. Contextually, the term "the action" in section 405.30 is a reference to "an action" in section 405.20, which states in relevant part: "A party to an action who asserts a real property claim may record a notice of pendency of action in which that real property claim is alleged."

The real parties in interest argue that "may apply" in section 405.30 is permissive and one could also apply in any other court where "an action" concerning the claim or cloud occasioned thereby is pending. However, "an action" is not "the action." It makes sense to read the statute as it is written and confine a motion to expunge to the court where "the action" of which notice has been recorded is pending to avoid inconsistent judgments and forum shopping. That is true whether "the action" was brought in Mono County or a county in Florida.

Thus, if lis pendens notices of litigation in the courts of other states were authorized under section 405.20, the California statutory balance of the interests of third party litigant claimants, property owners, and prospective purchasers would depend upon the willingness of the courts of our 49 sister

---

[11] On this issue, the parties change horses. The principal claim of The Formula in this writ is that the Mono County Superior Court did not have jurisdiction to entertain this motion. SFI and iStar argue the contrary.

states to adopt our statutes' entire procedural scheme and substantive criteria for expungement of a California lis pendens notice. It is uncertain whether this adoption would universally occur. (See, e.g., Rest.2d, Conf. of Laws, § 122 ["A court usually applies its own local law rules prescribing how litigation shall be conducted even when it applies the local law rules of another state to resolve other issues in the case."].)

In view of the uncertainty of advancing the statutory objectives, the foreseeability that involvement in a real property transaction might include the inconvenience of litigation in the state where the property is located, and the lack of any indication this is a pressing issue, we do not think the California lis pendens statutory scheme should be judicially construed to extend to litigation in the courts of other states. There is no assurance that to do so would "effect its objects and . . . promote justice." (§ 4.)

### III. The Notice of the Florida Action Should Not Have Been Recorded and Is Subject to Expungement

The Formula's notice of litigation in the Florida court was not authorized for recording under section 405:20. Accordingly, the notice is not governed by any of the statutes in California's lis pendens statutes. For this reason and because, in any event, the Mono County Superior Court is not the court in which the action raising a real property claim was filed, the notice was not subject to expungement under section 405.30 by that court.

Nonetheless, we have necessarily determined that the notice of the Florida action should not have been recorded. As such, it was subject to expungement (see *Ward v. Superior Court* (1997) 55 Cal.App.4th 60, 66–67 [63 Cal.Rptr.2d 731]), albeit not under the authority of section 405.30. In these circumstances, it is inappropriate to grant The Formula relief from the trial court's order.

An order of expungement is given effect by being recorded in the chain of title to overcome the effect of the earlier filing. (See, e.g., Code Civ. Proc., § 405.60; Gov. Code, § 27280, subd. (a) ["Any instrument or judgment affecting the title to or possession of real property may be recorded pursuant to this chapter."].) Here, the order of expungement was correct, although the reasons relied upon for granting it were wrong. The existing trial court order can be recorded to overcome the effect of The Formula's unauthorized filing of notice of the Florida litigation. Insofar as the reasons for the order were wrong, this opinion will cure any unwarranted consequences. No purpose would be served by overturning the trial court's order.

## DISPOSITION

The alternative writ, having served its purpose, is discharged. The petition for writ of mandate is denied. The Formula shall pay the costs of the real parties in interest in this proceeding. (Cal. Rules of Court, rule 8.490(m)(1)(A), (2).)

Morrison, Acting P. J., and Cantil-Sakauye, J., concurred.