2017 ND 212

**Kari L. CONRAD, Plaintiff and Appellant**

v.

**Wilbur D. WILKINSON, Defendant and Appellee**

No. 20170074

Supreme Court of North Dakota.

Filed 8/29/2017

Irvin B. Nodland, Bismarck, ND, for plaintiff and appellant.

Reed A. Soderstrom, Minot, ND, for defendant and appellee.

Kapsner, Surrogate Judge.

[¶ 1] Kari Conrad appeals from an order dismissing without prejudice her application for an order requiring the Ward County recorder to remove a lis pendens filed by Wilbur Wilkinson against a tract of land in Minot and from an order denying her motion for reconsideration. We conclude Wilkinson was not authorized to file the lis pendens in an action that did not raise a claim affecting the title to real property and Conrad was entitled to have the Ward County recorder cancel the lis pendens under N.D.C.C. § 32–04–24. We reverse and remand with instructions for the district court to direct the Ward County recorder to cancel the lis pendens.

I

[¶ 2] In December 2010, Wilkinson sued Conrad's husband, Ervin Lee, in tribal court for the Three Affiliated Tribes of the Fort Berthold Reservation. Wilkinson's lawsuit alleged Lee was Wilkinson's attorney for a settlement agreement involving multiple claims and Lee breached the agreement and fiduciary duties. Wilkinson alleged Lee's actions entitled Wilkinson to the return of $140,000 and attorney fees and required Lee to divest himself of all interests in the settlement agreement. On December 17, 2010, Wilkinson filed a notice of lis pendens in the Ward County recorder's office describing a tract of land located in Minot. Wilkinson's notice of lis pendens stated he "believe[d] he [was] entitled to monies that have been utilized upon the property described."

[¶ 3] In September 2016, Conrad applied to the district court in Ward County to cancel the lis pendens against the Minot land. She claimed she had an ownership interest in a home on the Minot land and Wilkinson's lis pendens did not meet the filing requirements of N.D.C.C. § 28–05–07. She asserted Wilkinson's lawsuit against Lee in tribal court involved claims for breach of contract and breach of fiduciary duty and did not deal with or raise any issues affecting the title to the Minot land. She contended that in August 2010, she and Lee entered into a contract with Lee's brother to purchase the land and Lee's brother later transferred sole title to the land to her. She further claimed the lis pendens prevented her sale of the land to a third party and precluded her from using the proceeds of a sale to complete the purchase of a home in Bismarck.

[¶ 4] The district court dismissed Conrad's application without prejudice, concluding it was not the proper forum to request cancellation of the lis pendens under N.D.C.C. § 28–05–08. The court said the plain language of N.D.C.C. § 28–05–08 authorizes a "court in which the action was commenced" to order cancellation of a lis pendens, and the court concluded it was not the court in which Wilkinson's action was commenced. The court also rejected Conrad's argument that a lis pendens may not be filed against North Dakota land based on an action pending in tribal court. The court said N.D.C.C. § 28–05–07 does not restrict the filing of a lis pendens related only to actions pending in North Dakota state court, nor does the statute prohibit the filing of a lis pendens related to a pending tribal court action. The court explained there was no compelling reason why a lis pendens from a pending tribal court action was not permitted. The court denied Conrad's motion for reconsideration.

II

[¶ 5] We initially consider the propriety of Conrad's appeal from a dismissal without prejudice. The right to appeal is jurisdictional, and we may consider it on our own motion. *Cmty. Homes of Bismarck, Inc. v. Clooten*, 508 N.W.2d 364,

365 (N.D.1993). " '[A] dismissal without prejudice is ordinarily not appealable.' " *Jaskoviak v. Gruver,* 2002 ND 1, ¶ 8, 638 N.W.2d 1 (quoting *Rodenburg v. Fargo–Moorhead Young Men's Christian Ass'n,* 2001 ND 139, ¶ 12, 632 N.W.2d 407). "However, a dismissal without prejudice may be final and appealable if the plaintiff cannot cure the defect that led to dismissal, or if the dismissal has the practical effect of terminating the litigation in the plaintiff's chosen forum." *Rodenburg,* at ¶ 12 (citations omitted).

[¶ 6] Here the district court's dismissal without prejudice has the effect of terminating Conrad's application for relief from the lis pendens in her chosen forum in state court without allowing her to cure the defect that led to the dismissal. The district court's decision effectively precludes Conrad from relief in state court and requires her to seek relief in tribal court. We conclude the order is final for purposes of her appeal to this Court.

### III

■ [¶ 7] Conrad argues the district court should have granted her request to cancel the lis pendens. She asserts the court erred in concluding her only relief was in tribal court and argues N.D.C.C. § 28-05-07 requires a party filing a lis pendens to file an action in the district court of the county where the notice of the lis pendens was filed within 60 days of the filing of the lis pendens, which she contends was not done in this case. She also asserts a lis pendens may not be predicated on an action seeking merely to recover a money judgment, especially where the action does not directly affect the title to or possession of real property. She claims Wilkinson's lis pendens is, in effect, a prejudgment attachment to secure payment of a money judgment and asks this Court to direct the district court to enter an order requiring the Ward County recorder to enter a notice canceling the lis pendens.

[¶ 8] Wilkinson initially responds this Court should decline to hear Conrad's appeal as a matter of comity until the matter has been adjudicated in tribal court. He also argues the district court did not err because the lis pendens complies with all filing requirements for a lis pendens.

■ [¶ 9] The effect of Wilkinson's argument about comity is to affirm the district court's interpretation of the lis pendens statutes without addressing the issue. This case involves a question of the interpretation of our state statutes for lis pendens, and state statutory interpretation is a function for this Court. See *Mosser v. Denbury Res. Inc.,* 2017 ND 169, ¶ 12, 898 N.W.2d 406 (stating this Court is the final arbitrator of unsettled questions of North Dakota law).

■ [¶ 10] Statutory interpretation is a question of law. *In re Estate of Hogen,* 2015 ND 125, ¶ 12, 863 N.W.2d 876. The primary objective in interpreting statutes is to determine legislative intent, and that intent initially must be sought from the language of the statute. *Id.* Under our statutes, "[t]he rule of the common law that statutes in derogation thereof are to be construed strictly has no application" and our code "establishes the law of this state respecting the subjects to which it relates, and its provisions and all proceedings under it are to be construed liberally, with a view to effecting its objects and to promoting justice." N.D.C.C. § 1-02-01. Statutory provisions are given their plain, ordinary, and commonly understood meaning, unless they are specifically defined or a contrary intention plainly appears. N.D.C.C. § 1-02-02. Words and phrases are construed according to the context in which they are used and technical words defined by statute must be construed according to the appropriate definition.

N.D.C.C. § 1–02–03. Statutes are construed as a whole and harmonized to give meaning to related provisions. N.D.C.C. § 1–02–07. Statutes are construed to give effect to all of their provisions so no part of the statute is rendered inoperative or superfluous. N.D.C.C. § 1–02–38(2) and (4).

[¶ 11] Section 28–05–07, N.D.C.C., describes the effect of a lis pendens, and provides:

In a civil or criminal action in a court affecting the title to real property, the plaintiff, at the time of filing the complaint or criminal information or indictment or at any time afterwards, . . . may file for record with the recorder of each county in which the real property is situated a notice of the pendency of the action, containing the names of the parties, the object of the action, and a description of the real property affected. From the time of filing only shall the pendency of the action be constructive notice to a purchaser or encumbrancer of the property affected thereby, and every person whose conveyance or encumbrance is subsequently executed or subsequently recorded is deemed a subsequent purchaser or encumbrancer with notice and is bound by all proceedings taken after the filing of such notice to the same extent as if that person were a party to the action. For the purpose of this section, an action is deemed to be pending from the time of filing such notice, but the notice in a civil action is of no avail unless it is followed by the first publication of the summons, or by the personal service thereof on a defendant, within sixty days after such filing.

[¶ 12] Section 28–05–08, N.D.C.C., authorizes the cancellation of a lis pendens, and provides:

The court in which the action was commenced, at any time, on application of any person aggrieved and on good cause shown and on such notice as directed or approved by the court, may order the notice authorized by section 28–05–07 to be canceled of record in whole or in part by the recorder of any county in whose office the same may have been filed for record, and such cancellation must be made by an endorsement to that effect on the margin of the record which shall refer to the order. Such cancellation, in like manner, may be made by the recorder upon a written request, directing such cancellation, signed by the party or the attorney of the party who caused such notice to be filed. Such notice is also canceled by the entry of a final judgment in the action if no appeal has been taken from such judgment within the time provided by law.

[¶ 13] The source notes for N.D.C.C. §§ 28–05–07 and 28–05–08 state those statutes were initially enacted in the Revised Codes Territory of Dakota, C.Civ.P. § 101 (1877) and were derived from Wait's (N.Y.) Code, § 132 and Harston's (Cal.) Practice, C.Civ.P. § 409 (1877). "Because many of our statutes share a common derivation from California, we have often said California decisions construing statutes similar to our statutes 'are entitled to respectful consideration, and may be "persuasive and should not be ignored." ' " *Western Nat'l Mut. Ins. Co. v. Univ. of N.D.*, 2002 ND 63, ¶ 13, 643 N.W.2d 4 (quoting *Werlinger v. Mut. Serv. Cas. Ins. Co.*, 496 N.W.2d 26, 30 (N.D. 1993)).

[¶ 14] In *The Formula, Inc. v. Superior Court*, 168 Cal.App.4th 1455, 86 Cal. Rptr.3d 341, 343–49 (2008), the California Court of Appeals considered the application of California's lis pendens statutes to out-of-state litigation. In that case, Formu-

la filed an action in Florida to compel construction and sale to it of condominiums located in California. *Id.* at 343. Formula then recorded a notice of lis pendens for the Florida action in a county recorder's office in California under California's version of N.D.C.C. § 28–05–07. 86 Cal. Rptr.3d at 343. The defendants in the Florida action successfully applied to the superior court of the county in which the lis pendens was recorded in California to expunge the lis pendens, purportedly under California's version of N.D.C.C. § 28–05–08. 86 Cal.Rptr.3d at 343.

[¶ 15] Formula petitioned the court of appeals to overturn the expungement order, arguing the application for expungement was not made "to the court in which the action is pending." *The Formula,* 86 Cal.Rptr.3d at 343–45. The California Court of Appeals said Formula's jurisdictional argument presupposed the lis pendens was authorized by statutory language stating a "party to an action who asserts a real property claim may record a notice of pendency of action in which that real property claim is alleged." *Id.* at 345. The court explained the threshold issue was whether litigation in courts of another state was within the ambit of California's lis pendens statutes. *Id.*

[¶ 16] The court construed and applied statutes that were precursors to our statutes in N.D.C.C. §§ 1–02–01 (rules of construction), 27–01–01 (defining courts of justice), and 32–01–02 (defining action) to conclude that litigation in courts of another state was not within the purview of California's lis pendens statutes. *The Formula,* 86 Cal.Rptr.3d at 345–49. The court explained that under the common law doctrine of lis pendens, a prospective purchaser of real property was on constructive notice of any litigation raising a claim to the real property, but the common law doctrine applied to give constructive notice of only litigation in the courts of the state where the real property was located. *Id.* at 346. The court noted the harshness of the common law doctrine because a prospective purchaser was required to discover litigation that might be pending anywhere in the state and said lis pendens statutes were enacted to soften the common law doctrine by requiring a recorded notice of the action to be filed in the county where the real property was located. *Id.* The court said "[b]ecause the statutory lis pendens was a cure for a problem that only pertained to litigation within the state, there is no implication that [the statutory lis pendens] was intended to apply to litigation in courts of other states" and "nothing in the text or history of the initial enactment of the lis pendens statutes indicates a specific legislative purpose to include litigation in the courts of another state within their reach." *Id.* After discussing some procedural protections for property owners and prospective purchasers in amendments to California's lis pendens statutes to counterbalance the protection afforded third-party litigants, the court declined to construe California's statutory lis pendens scheme to extend to litigation in courts of other states. *Id.* at 347–49. The court thus concluded Formula's lis pendens was not authorized for recording under California's lis pendens statutes and was not governed by any of California's lis pendens statutes, including expungement under a statute similar to N.D.C.C. § 28–05–08, because the California trial court was not the court in which the out-of-state litigation was pending. 86 Cal.Rptr.3d at 349. The court of appeals nevertheless directed the improperly recorded lis pendens to be cancelled under *Ward v. Superior Court,* 55 Cal.App.4th 60, 63 Cal.Rptr.2d 731, 735 (1997), a case applying California's version of N.D.C.C. § 32–04–24 for cancellation of void or voidable instruments.

[¶ 17] In *Boca Petroco, Inc. v. Petroleum Realty II, LLC*, 285 Ga. 487, 678 S.E.2d 330, 331 (2009), the Georgia Supreme Court held a lis pendens could not be filed in Georgia to give notice of litigation pending in Florida and affecting title to Georgia property. The Georgia Supreme Court noted a split in state courts addressing the question of extra-territorial application of a notice of lis pendens:

The states are split on the question of extraterritorial application of lis pendens. Jurisdictions that permit notices of lis pendens stemming from litigation outside the state have justified this expansion of the reach of common law lis pendens on policy considerations and/or in light of statutory provisions. See, e.g., *TWE Retirement Fund Trust v. Ream*, 198 Ariz. 268, 8 P.3d 1182, 1187(B)(1)(b) (Ariz.App. 2000) (statute permitting a party to "an action affecting title to real property" in Arizona to file notice of lis pendens does not limit filing based upon location of the action); *Kerns v. Kerns*, 53 P.3d 1157, 1160–1164( II) (Colo. 2002) (plain language of Colorado statute permits a party, in any action wherein relief affecting title to real property is claimed, to file lis pendens in the county where the Colorado real estate is located, and jurisdiction in which the action is brought is not relevant under statute); *Winters v. Schulman*, 977 P.2d 1218, 1223(1)(C) (Utah App. 1999) (Utah statute not undermined by applying it to out-of-state judicial proceedings because it provides prospective purchasers of Utah real property with more protection); *Belleville State Bank v. Steele*, 117 Wis.2d 563, 345 N.W.2d 405 (1984) (because statutory lis pendens readily permits determination of any pending litigation affecting the land, "no reason therefore for statutory lis pendens, in contrast to the common law lis pendens, to be limited to the territorial jurisdiction of the court in which the action is pending"). Other states have remained fast to the common law principles of lis pendens. See, e.g., *The Formula Inc. v. Superior Court*, 168 Cal.App.4th 1455, 1460, 86 Cal.Rptr.3d 341 (Cal.App. 3 Dist. 2008) (nothing in text or history of California lis pendens statutes indicates legislative intent to include litigation in the courts of another state within their ambit); *Permanent Financial Corp. v. Taro*, 71 Md.App. 489, 495, 526 A.2d 611 (Ct.Spec.App. 1987) (the doctrine of lis pendens, as applied in Maryland, will operate against only real or leasehold property that is located in Maryland and is the subject of an action pending in Maryland); *Ludvik v. James S. Jackson Co.*, 635 P.2d 1135, 1141 (Wyo. 1981) (no legislative intent to expand common-law doctrine of lis pendens by providing for extraterritorial application).

678 S.E.2d at 333–34.

[¶ 18] We note that two states listed in *Boca Petroco* as permitting notices of lis pendens to be filed for litigation outside the state have subsequently amended their statutory provisions to require the underlying litigation to be in a court within the state. *See Kerns v. Kerns*, 53 P.3d 1157, 1160 (Colo. 2002) (discussing Col.Rev. Stat. § 38–35–110 before 2002 legislative amendment applying lis pendens to "any court of record of this state"); *Winters v. Schulman*, 1999 UT App. 119, ¶ 19, 977 P.2d 1218 (discussing Utah Code Ann. § 78–40–2 before 2008 repeal and re-enactment as Utah Code Ann. § 78B–6–1303 to apply lis pendens to action filed in "a Utah district court").

[¶ 19] Here, however, we need not decide if North Dakota's lis pendens statutes authorize recording a notice of lis pendens involving litigation pending in another ju-

risdiction.[1] Rather, we conclude the underlying litigation in this case is not an action "affecting the title to real property" within the meaning of N.D.C.C. § 28–05–07 and the lis pendens was not entitled to be recorded in the Ward County recorder's office.

[¶ 20] In *Investors Title Ins. Co. v. Herzig*, 2010 ND 169, ¶ 34, 788 N.W.2d 312, this Court said a lis pendens may not be predicated on an action that does not affect the title to real property and seeks merely to recover a money judgment:

> Generally, the use of the doctrine of lis pendens is restricted to avoid abuse:

>> Where only collateral issues are involved that ultimately may affect the parties' interest in property, the doctrine of lis pendens does not apply. Thus, a notice of lis pendens is improper in an action against a property owner where a constructive trust is sought only to satisfy a judgment against the owner, and the interest in the property is thus no more than collateral.

>> . . . .

> The doctrine of lis pendens may not be predicated on an action or suit seeking merely to recover a money judgment. An action for money only, even if it relates in some way to specific real property, will not support a lis pendens. Accordingly, where the primary purpose of a lawsuit is to recover damages and the action does not directly affect title to or right of possession of real property, the filing of a notice of lis pendens is inappropriate.

There is authority, in some states, that lis pendens may be based on an action to recover a money judgment where a valid judgment has been secured and made a lien against the property. However, there is also authority, in other states, that a cause of action does not affect title to real property where the action seeks to secure a personal judgment for the payment of money, even though such a judgment, if obtained and properly docketed, would be a lien upon the defendant's land.

54 C.J.S. *Lis Pendens* § 11 (2010) (footnotes omitted). Further, it is "generally improper to use a notice of pendency as a form of attachment, as the purpose of lis pendens is not to obtain the type of prejudgment attachment which can later be used in the eventual collection of a judgment." *Id.* § 14.

[¶ 21] In *Jordan v. Donovan*, 42 N.D. 641, 647, 649, 172 N.W. 838, 840–41 (1919), this Court discussed the affect of a lis pendens filed for a claim by E.I. Donovan to recover $1,000 from Cornelius Jordan:

> It is not necessary to decide in this case whether Jordan is indebted to Donovan for any part of the $1,000 claimed by Donovan to have been paid out by him in defending the title to Jordan's land. If Jordan is indebted to Donovan in any amount on that account, it would constitute a simple debt on the part of Jordan to Donovan. Such debt, if any, would in no sense be a lien upon Jordan's land, and would give Donovan no interest in the land, nor would it confer upon him authority to file the lis pendens which was filed in the suit.

---

1. Although we do not decide the issue about extraterritorial application of our lis pendens statutes, we recognize Wilkinson's action is in a tribal court within the exterior boundaries of North Dakota and not in another state. The legislature may want to consider the application of our lis pendens statutes to extraterritorial litigation, including actions in tribal courts.

. . . .

It is clear that the action of Donovan against Jordan to recover the $1,000 alleged to have been expended on Jordan's account in payment of attorney's fees is one for money only. The only recovery Donovan can possibly have, if any, in that action, is a judgment for whatever amount he may, by competent testimony, show himself entitled to recover. The maintenance of such action by Donovan against Jordan did not authorize the filing of the notice of lis pendens in connection therewith. It was not such a case as under the statute permits the filing of a lis pendens as it involved no actual claim or interest in the land.

[¶ 22] Here, on its face, Wilkinson's complaint in tribal court does not include any allegations about the Minot property. Rather, the complaint seeks only a money judgment against Lee. As this Court said in *Herzig*, 2010 ND 169, ¶ 34, 788 N.W.2d 312 and *Jordan*, 42 N.D. at 647, 649, 172 N.W. at 840–41, the commencement of an action for a money judgment does not authorize the filing of a notice of lis pendens in connection with that action. We are not persuaded Wilkinson's tribal court action is one "affecting the title to real property." We therefore conclude a lis pendens notice of that action was improperly filed in the Ward County recorder's office.

[¶ 23] In *The Formula*, 86 Cal.Rptr.3d at 349, the California Court of Appeals concluded the lis pendens for the lawsuit in Florida was not authorized for recording in California and was not subject to expungement under the California statute similar to N.D.C.C. § 28–05–08. The court nevertheless cited *Ward*, 63 Cal.Rptr.2d 731, and concluded the improvidently recorded lis pendens was subject to cancellation. 86 Cal.Rptr.3d at 349.

[¶ 24] In *Ward*, 63 Cal.Rptr.2d at 732, a homeowner's association recorded a document asserting a homeowner was in violation of the association's covenants, conditions, and restrictions. The California Court of Appeals concluded there was no authority for recording the document and ordered it cancelled under Cal. Civ. Code § 3412, which is identified in the source note for N.D.C.C. § 32–04–24 as the derivation for our statute.

[¶ 25] Section 32–04–24, N.D.C.C., describes judicial remedies for cancellation of instruments and provides:

When a written instrument, or the record thereof, may cause injury to a person against whom such instrument is void or voidable, such instrument, in an action brought by the party injured, may be adjudged void and the same ordered to be delivered up for cancellation and the record thereof canceled, whether or not extrinsic evidence is necessary to show its invalidity.

[¶ 26] Because Wilkinson's complaint in tribal court is not one affecting the title to real property and a lis pendens for that action was not entitled to be recorded, we conclude the improperly recorded lis pendens is subject to cancellation under N.D.C.C. § 32–04–24. We therefore reverse the district court order dismissing Conrad's application to cancel the lis pendens and remand to the district court to direct the Ward County recorder to cancel the lis pendens.

IV

[¶ 27] We reverse the district court order and remand with directions.

[¶ 28] Carol Ronning Kapsner, S.J.

Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte

Gerald W. VandeWalle, C.J.

[¶ 29] The Honorable Jon J. Jensen was not a member of the Court when this case was heard and did not participate in this decision. Surrogate Judge Carol Ronning Kapsner, sitting.