22664. PATENT SCAFFOLDING COMPANY v. BYERS.

ARGUED SEPTEMBER 16, 1964—DECIDED OCTOBER 19, 1964—
REHEARING DENIED NOVEMBER 19, 1964.

*Grant, Spears & Duckworth,* for plaintiff in error.

*Paul L. Wayman, William H. Moore, Jr.,* contra.

ALMAND, Justice. The statement of the case by counsel for the plaintiff in error is so fair and accurate that we adopt it as our statement of the facts and issues:

"The Patent Scaffolding Company, a Division of Harsco Corporation, filed a proceeding against Thomas Byers, as defendant, in the Superior Court of Fulton County, in which it alleged that it was the owner of a certain described tract of land situated on the western side of Haynes Street, N.W., in Atlanta, Georgia; that the defendant, who was the owner of a tract of land adjoining plaintiff's property on the north, had entered upon plaintiff's land and was erecting thereon a fence along a line six feet within the boundary of plaintiff's property, and that unless restrained and enjoined, he would continue and complete the fence and deprive plaintiff of the northern six (6) feet of its land.

"Plaintiff prayed that the defendant be temporarily restrained and enjoined from entering upon and trespassing on plaintiff's land, from continuing and completing the erection of the fence and from maintaining the steel fence posts he had placed on plaintiff's land, and that upon the final trial of the case, said injunction be made permanent. . .

"The defendant filed an answer to plaintiff's petition in which he denied that he had trespassed on plaintiff's property as alleged, and subsequently filed an amendment to his answer in which he set up a decree entered by the court on June 5th, 1947, in a case sounding as M. L. Clein vs. Tom Byers, No. 162,708, Fulton Superior Court, containing the following language:

" 'It being stipulated by the parties hereto that the land described in the said petition is the property of M. L. Clein and that Tom Byers has no claim or easement thereto; and it further appearing that the said M. L. Clein is now granting to Tom Byers the right of using the described premises for the purpose

of ingress and egress so long as the said Tom Byers shall live in the house adjacent thereto and further that the chimney in the house owned by Tom Byers shall be allowed to encroach on this property as long as the house and chimney remain where they are now,

" 'It is ordered, adjudged and decreed:

1.

" 'That the property described in the said petition is declared to be the property of M. L. Clein, and Tom Byers has no right thereto, except as set out below.

2.

" 'That the said Tom Byers shall for himself, his family and his friends, have the right to use the said tract of land as a method of ingress and egress to his home and the said M. L. Clein shall not erect any barrier thereon without furnishing the said Tom Byers the right of entry thereto, by gate or otherwise.

3.

" 'The chimney now encroaching on the said property shall remain so long as it stands, but when it is removed, the said Tom Byers and his successors shall have no right to the property now occupied by the chimney.'

"M. L. Clein, the plaintiff in the case in which said decree was entered is a predecessor in title to the plaintiff in the case at bar; Tom Byers, the defendant in the case in which said decree was rendered is the identical Thomas Byers who is the defendant in the case at bar; and the land referred to in said decree is the identical six (6) foot strip of land which the plaintiff in the case at bar sought to enjoin the defendant from entering and trespassing upon."

The case came on for interlocutory hearing on the prayers of the plaintiff for an injunction, and on the hearing, the defendant introduced and there was admitted in evidence the above quoted decree entered in the case of M. L. Clein vs. Tom Byers, together with the pleadings in said case. The defendant argued and contended that plaintiff was not entitled to an injunction as prayed for the reason it was bound by said decree because it was a successor in title to, and, therefore, in privity with, M. L. Clein, the plaintiff in the case in which said decree was entered.

The plaintiff introduced evidence showing that neither the case of M. L. Clein vs. Tom Byers, nor the decree entered therein as hereinabove set out had been entered on the lis pendens docket in the office of the Clerk of the Superior Court of Fulton County, and showing that plaintiff had purchased its tract of land for a valuable consideration from Malco Enterprises, Inc., bona fide and in good faith, without notice or knowledge of the existence of the decree.

After hearing the evidence and argument of counsel, the court granted the plaintiff's prayer and entered an interlocutory injunction against the defendant.

The defendant did not except to said interlocutory order and judgment and said order and judgment has not been revoked or modified.

Thereafter the defendant filed a second and a third amendment to his answer, designated as a "cross-action of defendant," in which he again set up the decree which had been entered on June 5, 1947 in the case No. 162708, M. L. Clein vs. Tom Byers, and prayed that the court enjoin plaintiff from "erecting any barrier on the property in issue in this case in such a manner as to contravene the order of this court," entered in said case No. 162,708.

Upon the defendant's "cross action" praying an injunction against plaintiff coming on for an interlocutory hearing, the plaintiff filed a plea in bar in which he set up the judgment and decree granting an interlocutory injunction against the defendant which was entered by the court on the 13th day of April, 1964, as hereinabove set out and contended that said judgment and decree "constituted a ruling by the court that plaintiff was not, as contended by defendant, bound by the decree entered in the case of M. L. Clein vs. Tom Byers on June 5th, 1947, and said ruling became and is the law of the case."

On said interlocutory hearing, the defendant in support of his "cross action" introduced and there was admitted in evidence the decree entered on June 5th, 1947, in the case of M. L. Clein vs. Tom Byers, No. 162708, Fulton Superior Court, together with the pleadings in said case, and the plaintiff introduced evidence showing that it had purchased its property in good faith without

notice of said suit or decree and that neither notice of the pendency of the suit nor notice of the decree had been entered on the lis pendens docket in the office of the Clerk of the Superior Court of Fulton County.

The pleadings in Case No. 162708 introduced by the defendant showed that M. L. Clein, the then owner of the property now owned by the plaintiff, had sought to enjoin the defendant from trespassing on the identical strip of property involved in the case at bar, and that the defendant had filed a plea and answer in which he alleged that said strip was "a walkway used by defendant and by persons requiring ingress and egress to the land and building situated directly north of said described property," and prayed "that defendant be adjudged to have the right of ingress and egress over the land described" in plaintiff's petition.

The court entered an order and judgment overruling the plea in bar, to which order and judgment the plaintiff excepted upon the ground it was contrary to law.

The court then, after hearing evidence submitted by both the defendant and plaintiff, entered an interlocutory order, judgment and decree enjoining the plaintiff from erecting any barrier on that part of its property involved in the case "without furnishing the defendant the right of entry thereto, by gate or otherwise, as required under the order and decree of this court in the case styled M. L. Clein vs. Thomas Byers, No. 162708, Fulton Superior Court Records. . .

"[The] evidence in the case shows:

"(a)   That plaintiff had purchased the property described in paragraph two of its petition as amended (a part of which was the subject matter of said prior suit and decree) from a successor in title of M. L. Clein, the plaintiff in said suit, for a valuable consideration, bona fide and in good faith.

"(b)   That neither the suit sounding as M. L. Clein vs. Tom Byers, No. 162708, Fulton Superior Court, nor notice of the decree entered therein had been entered on and was not on the lis pendens docket in the office of the Clerk of the Superior Court of Fulton County. . .

1.

"Plaintiff in error does not insist on its exception to the order overruling its plea in bar.

## 2.

"The only question presented for decision is whether or not a purchaser of real property takes title subject to the terms of a judgment or decree [not involving the property of the defendant or the entry of a money judgment or creation of a lien] entered subsequent to the year 1939 against one of his predecessors in title by the superior court of the county in which the land lies, where such purchaser acted in good faith without notice of the judgment or decree, and where neither notice of the proceeding in which the judgment or decree was rendered nor notice of the judgment or decree itself was recorded on the lis pendens docket in the office of the clerk of the superior court of the county as provided by the Lis Pendens Act of 1939 [or that the plaintiff in error being a successor in title to M. L. Clein is bound by the decree under Code Sec. 110-501.]"

1. The Act of 1939 (Ga. L. 1939, pp. 345, 346; *Code Ann.* § 67-2801) provides that no suit as to real property shall operate as a lis pendens until a notice of the institution of the suit is filed in the office of the clerk of the superior court of the county where the land is situated. Section 5 of this Act provides that "no judgment, execution or attachment, shall bind the property of the defendant or defendants, as against the interest of third parties acting in good faith and without notice, where no notice of lis pendens as hereinbefore required has been filed in the office of the clerk of the superior court of the county where the land is situated, until the execution issuing on said judgment has been recorded in the general execution docket of the county where the land is situated." (Ga. L. 1939, pp. 345, 346; *Code Ann.* § 67-2804). The provisions of the quoted section relate to "judgment, executions, and attachments, the liens they create, their enforceability, the recording of executions," and no judgment, execution or attachment shall bind the property of the *defendant* as against the interests of third parties acting in good faith and without notice, where no notice of lis pendens has been filed, until the *execution* issuing on said *judgment* has been recorded in the general execution docket of the *county* where the land is situated.

This section has no application here because (a) it relates to

judgments, executions, attachments and the liens they create that (b) affect the property of the *defendants* and (c) are not binding on third parties acting in good faith and without notice, where no notice of lis pendens has been filed until the execution issuing on the judgment has been recorded in the general execution docket in the county where the land is situated. The decree entered in the case of Clein v. Byers involved the land of the plaintiff Clein, the predecessor in title of the plaintiff in error, not the land of Byers, the defendant in error; the decree entered in said case did not create any lien or constitute an execution which the lien required (as to constitute notice to third parties) in that the law as to the keeping of general execution dockets by the clerk of a superior court has reference to the registration of executions on judgments that create liens on the property of the defendant in the execution. *Code Ch.* 39-7. The decree of the court entered in 1947 granted to Byers the right to use the land of Clein as a means of ingress and egress to his home on his premises adjacent to the land of Clein as long as Byers shall live in said house. There is no requirement of law that such a decree be recorded in the general execution docket. The decree in effect operated as a grant or conveyance from Clein to Byers. We therefore conclude that the contention of the plaintiff in error that the 1947 decree in the case of Clein v. Byers is not binding upon it because of the failure to file the notice of lis pendens does not bar Byers, the defendant in error, from asserting that the decree of 1947 in Clein v. Byers is binding upon the plaintiff in error, it being the successor in title to the land of Clein, and is bound as such by the decree under *Code* § 110-501 which provides that a judgment of a court of competent jurisdiction "shall be conclusive between the same parties and their privies as to all matters put in issue" until such judgment is reversed or set aside.

The plaintiff, as a purchaser of the land which was the subject matter of a prior consent decree in an action between its predecessor in title and the defendant, took the land subject to the right granted to the defendant to use said land during his life for the purpose of egress and ingress to the defendant's land. See *Simms v. Freiherr,* 100 Ga. 607 (28 SE 288), and *Strickland v. Padgett,* 197 Ga. 589 (12) (30 SE2d 167).

Lis pendens, whether it be from the common law as provided in *Code* § 37-117, or by statute (Ga. L. 1939, pp. 345-347), has for its purpose the protection of innocent purchasers of real property involved in pending litigation. That is not the case here. The plaintiff in error did not purchase the property pending the litigation between its predecessor in title and the defendant in error, but purchased it many years after the final decree had been entered.

The court did not err in enjoining the plaintiff in error "from erecting any barriers on said property in question without first furnishing the said Thomas Byers the right of entry thereto, by gate or otherwise," as required by the decree of 1947 in the case of Clein v. Byers.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., who dissents because the ruling of the majority nullifies the Lis Pendens Statute* (Ga. L. 1939, p. 345).