36534. CULPEPPER v. VEAL et al.

Bowles, Justice.

Appellees, certain citizens and taxpayers of Ware County, filed a quo warranto proceeding seeking to have appellant Knot Culpepper ousted from his position on the Ware County Board of Education. The trial court granted the relief requested and declared the office vacant. We affirm.

The parties stipulated that at the time of and since his election to the Ware County Board of Education, appellant has been an employee of the Brantley County Board of Education. Code Ann. §

32-903.1 declares, inter alia, that no person shall be eligible to serve as a member of one county board of education who is employed by another county board of education. Appellant concedes that under the statute, he is disqualified from holding his office. However, he challenges the constitutionality of the statute.

It is an established rule in Georgia that all presumptions are in favor of the constitutionality of an act of the legislature. *Kirton v. Biggers,* 232 Ga. 223 (206 SE2d 33) (1974); *Mayes v. Daniel,* 186 Ga. 345 (198 SE 535) (1938). Appellant contends that Code Ann. § 32-903.1 denies him equal protection of the laws since it denies one from being a member of one county board of education who is an employee of another but does not deny one from being a member of one county board of education who is an employee of the *same* county board of education. We find no equal protection problem. While the *statute* does not prohibit one from being a member of a county board of education who is employed by the same board, the common law rule in this state on conflicts of interest clearly prohibits such a situation. See *Welsch v. Wilson,* 218 Ga. 843 (131 SE2d 194) (1963); *Trainer v. City of Covington,* 183 Ga. 759 (189 SE 842) (1937); Op. Atty. Gen. (1968) p. 719. See generally, 67 CJS 666, Officers, § 204 (a).

Appellant argues forcefully that when the legislature enacted Code Ann. § 32-903.1 enumerating those people not eligible to be members of county boards of education, it by implication excluded all categories not listed (expressio unius est exclusio alterius). He argues that any common law rule in existence prior to the enactment was superseded thereby. When the legislature drafted § 32-903.1, it was not required to enumerate categories of ineligible individuals otherwise excluded by law. The statute does not exclude minors but that does not mean minors can be board members. The statute does not exclude insane persons but that does not mean insane persons can be board members. We conclude that the common law rule against serving two masters (or more appropriately here, being one's own master) is so strong as to survive a statute which seeks to enumerate and eliminate other areas of conflict of interest.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 8, 1980 — DECIDED OCTOBER 2, 1980 —
REHEARING DENIED OCTOBER 22, 1980.

*Kopp, Peavy & Conner, J. Edwin Peavy, Arthur K. Bolton, Attorney General, Carol Atha Cosgrove, Assistant Attorney General,* for appellant.

*Thomas & Settle, Vincent Settle, III, Ronald B. Thomas,*

for appellees.