526 A.2d 611
PERMANENT FINANCIAL CORPORATION, et al.

v.

Thomas TARO, et al.

FOX RUN LIMITED PARTNERSHIP, et al.

v.

PERMANENT FINANCIAL CORPORATION, et al.

Nos. 859, 1265, Sept. Term, 1986.

Court of Special Appeals of Maryland.

June 8, 1987.

William J. Utermohlen (Anne G. Collins, Richard A. Green and Stohlman, Beuchert, Egan & Smith Chartered, Washington, D.C., on the brief), for appellants in No. 859 and appellees in No. 1265.

Walter Lee (Charles Norman Shaffer, Peter I.J. Davis, and Shaffer & Davis, Chartered on the brief), Rockville, for appellants in No. 1265 and appellees in No. 859.

Argued before GILBERT, C.J., and WEANT and BLOOM, JJ.

WEANT, Judge.

These cases, which have been consolidated on appeal, originated in the Circuit Court for Howard County. Each case began when Permanent Financial Corporation and National Permanent Bank, F.S.B. (hereinafter referred to collectively as the "Bank") filed a notice of lis pendens with the clerk of the circuit court. The basis for each notice, both of which were subsequently amended, was an action pending in the United States District Court for the District of Columbia, *i.e.,* *Permanent Financial Corp. v. Taro,* Civil Action No. 84–1979.[1] In that action, the Bank has

---

1. Plaintiffs in the federal district court action are Permanent Financial Corporation and National Permanent Bank; defendants include Thomas Taro; James P. Spelman; Thomas Taro Jr.; Taro Construction Co., Inc.; Taro Investment Corp.; 801 Wayne Avenue, Inc.; Layhill Investment Corp.; Bianco Properties, Inc.; Spring Investment

asked the federal district court to decree, *inter alia,* an equitable lien on each of two Howard County properties; the properties are known as Brick House Farm and Fox Run.

In the case giving rise to Appeal No. 859,[2] the amended notice of lis pendens concerned the tract of Howard County land known as Brick House Farm. Thomas Taro, *et al.,* [3] opposed that notice of lis pendens with a motion to quash. The circuit court granted that motion and the Bank appealed.

In the case giving rise to Appeal No. 1265,[4] the amended lis pendens notice concerned the tract of Howard County land known as Fox Run. Fox Run Limited Partnership, *et al.,* [5] challenged that notice of lis pendens by filing a motion to quash. That motion was denied and Fox Run Limited Partnership, *et al.,* appealed.

Broadly stated, the questions that confront us in these appeals are as follows:

Did the circuit court err in granting the motion to quash the notice of lis pendens concerning the Brick House Farm property?

Did the circuit court err in denying the motion to quash the notice of lis pendens concerning the Fox Run property?

The parties in turn have raised a plethora of more narrowly focused questions. Our treatment of the broadly stated

---

Corp.; Mantaro Development Co., Inc.; Mantaro Construction Corp.; D.A. Taro Property Management Company; and Taro Builders.

2. Howard County Circuit Court Case No. 85–CA–2558.

3. The defendants in Case No. 85–CA–2558 are the same as those in the federal district court action.

4. Howard County Circuit Court Case No. 86–CA–2924.

5. The defendants in Case No. 86–CA–2924 are, except for the addition of Fox Run Limited Partnership, the same as those in the federal district court action.

questions will cover, to the extent necessary, the issues posed by the parties.

## Lis Pendens

For an early statement of the lis pendens doctrine and for the public policy reasons upon which that doctrine rests, we turn to the case of *Inloes v. Harvey,* 11 Md. 519 (1857). There, Chief Justice Legrand, quoting from I *Story's Eq. Jur.* secs. 405, 406, stated at pages 524–25:

> In *sec. 405* it is said: "A purchase made of property actually in litigation, *pendente lite,* for a valuable consideration, and without any express or implied notice in point of fact, affects the purchaser in the same manner as if he had such notice; and he will accordingly be bound by the judgment or decree in the suit." And in *sec. 406* it is said: "Ordinarily, it is true, that the decree of a court binds only the parties and their privies in representation or estate. But he who purchases during the pendency of a suit, is held bound by the decree that may be made against the person from whom he derives title. The litigating parties are exempted from taking notice of the title so acquired; and such purchaser need not be made a party to the suit. Where there is a real and fair purchase without any notice, the rule may operate very hardly. But it is a rule founded upon a great public policy, for, otherwise, alienations made during a suit might defeat its whole purpose; and there would be no end to litigation. And hence arises the maxim, *pendente lite nihil innovetur;* the effect of which is, not to annul the conveyance, but only to render it subservient to the rights of the parties in litigation. As to the rights of these parties, the conveyance is treated as if it never had any existence; and it does not vary them." [Emphasis in original.]

Much more recently in the case of *Angelos v. Maryland Casualty Co.,* 38 Md.App. 265, 380 A.2d 646 (1977), this Court stated as follows regarding the doctrine of lis pendens:

Lis pendens literally means a pending action; the doctrine derives from the jurisdiction and control which a court acquires over property involved in an action pending its continuance and until final judgment is entered. Under the doctrine, one who acquires an interest in the property pending litigation relating to the property takes subject to the results of the litigation. It is clear that the doctrine has no application except where there is a proceeding directly relating to the property in question, or where the ultimate interest and object of the proceeding is to subject the property in question to the disposal of a decree of the court.

*Id.* 38 Md.App. at 268, 380 A.2d at 648 (citing *Feigley v. Feigley,* 7 Md. 537, 563 (1855); *Applegarth v. Russell,* 25 Md. 317 (1866)).

## *Subtitle BD*

Effective 1 January 1962, "Subtitle BD. Lis Pendens" was added to the Maryland Rules of Procedure. That subtitle, which has not been amended since its adoption, contains four rules, all of which are reproduced below:

Rule BD1.  Creation.

In any action in which the doctrine of *lis pendens* is applicable, service of process shall not be necessary to create *lis pendens.*

Rule BD2.  Constructive Notice in Another County.

The pendency in a county of an action affecting title to real or leasehold property located in another county shall not be constructive notice in such other county until a certified copy of the pleading giving rise to the *lis pendens* is filed with the clerk in such other county in the same manner as an action brought in that county.

Rule BD3.  Termination of Lis Pendens.

Upon the application of any person in interest and for good cause shown, the court, in a county other than the

county where the action was originally brought, may enter an order terminating the *lis pendens* in that county. Rule BD4. Costs.

Costs of the proceedings pursuant to this Subtitle, including proceedings in a county other than the county where the action was originally brought, shall be taxable as costs in the original action.

The word "county" appears ten times in the four rules reproduced above. When those rules were adopted, Rule 5h of the Maryland Rules of Procedure provided as follows: " 'County' means a county of this State, including the City of Baltimore."

When the Maryland Rules of Procedure were revised effective 1 July 1984, Rule 5h became Rule 1–202(h). Although the new rule merely provides that " 'County' includes the City of Baltimore," we do not believe that the omission of the phrase "means a county of this State" effected a substantive change. *See Black's Law Dictionary* 316 (5th ed. 1979), wherein "county" is defined as "[t]he largest territorial division for local government in state."

▮ In our view, the repeated use of the word "county" in the BD Rules reflects the view espoused in the following statement regarding the territorial extent of lis pendens:

§ 1298.—What lands affected; foreign suits.

A purchaser is affected by a lis pendens only if the land in litigation is described in the pleadings with such reasonable certainty as to enable the purchaser to know that it is the land which he is proposing to purchase.

A suit pending in one county which affects land lying in another county of the same state has been regarded as charging with notice thereof a purchaser from a party thereto, and a suit pending in a federal court would seem to affect a purchaser of land lying anywhere in the same district. The full faith and credit clause of the Federal Constitution has been held, however, not to require the court of one state to subject a purchaser of land lying

therein to the results of litigation in a court of another state.

[Footnotes omitted.]

5 H. Tiffany, *The Law of Real Property* § 1298 (3d ed. 1939).[6] We believe, therefore, that the BD Rules implicitly acknowledge that the doctrine of lis pendens, as applied in Maryland, will operate against only real or leasehold property that is located in this State and that is the subject of an action pending in this State. Furthermore, the doctrine of lis pendens will apply only if the pending action affects title to such real or leasehold property in the manner specified in the *Angelos* case, and only if, in the event such real or leasehold property is not located in the county where the action is pending, a certified copy of the pleading giving rise to the pending action is filed with the clerk in the county where the property is located.

We recognize that not all states take such a parochial view regarding lis pendens. Nonetheless, we disfavor the harsh effect that would obtain if we were to ascribe a broader meaning to the word "county." Alienation of Maryland real and leasehold property could be severely restricted by the mere filing of a lawsuit anywhere in the United States.

■ Because Rule BD2 speaks only of actions pending in counties of this State, the circuit court did not err when it granted the motion to quash the notice of lis pendens concerning the Brick House Farm property. For the same reason, it did err when it failed to grant the motion to quash the notice of lis pendens concerning the Fox Run property.

APPEAL NO. 859: JUDGMENT IN HOWARD COUNTY CIRCUIT COURT CASE NO. 85–CA–2558 AFFIRMED.

COSTS TO BE PAID BY APPELLANTS.

---

**6.** The cited authority is listed as a cross reference to Rule BD1.

APPEAL NO. 1265: JUDGMENT IN HOWARD COUN-
TY CIRCUIT COURT CASE NO. 86–CA–2924 REVERSED.

COSTS TO BE PAID BY APPELLEES.