PETROLEUM REALTY II, LLC et al.
v.
BOCA PETROCO, INC. et al.
A08A0281.
Court of Appeals of Georgia
Decided: June 25, 2008
ELLINGTON, Judge.
Pursuant to a granted interlocutory appeal, Petroleum Realty II, LLC, and Petroleum Realty V, LLC, (collectively "Petroleum") contend the Superior Court of Cobb County erred in denying their petition to involuntarily cancel a lis pendens filed by Boca Petroco, Inc., Trico V Petroleum, Inc., and Trico VII Petroleum, Inc., (collectively "Boca"). The lis pendens concerned eleven properties located in Cobb County that were alleged to be involved in Florida litigation between the parties. Because the Florida court lacked subject matter jurisdiction over the Cobb County properties, one of the prerequisites for a valid lis pendens under Georgia law, the superior court erred in denying Petroleum's petition. Therefore, we must reverse.
The facts of this case are set forth in Boca Petroco, Inc. v. Petroleum Realty II, LLC, ___ Ga. App. ___ (Case No. A08A0130, decided June 6, 2008) (whole court). In summary, the parties are currently litigating in a Florida court their respective rights under a lease agreement pertaining to several Georgia properties, including the Cobb County properties at issue here, to be used as gas stations and convenience stores. Id. at ___. In connection with that litigation, Boca filed a notice of lis pendens against the Cobb County properties. Petroleum filed a petition to cancel the notice, arguing, among other things, that the Florida court lacked subject matter jurisdiction over the Cobb County properties. The Superior Court of Cobb County concluded that because the properties "are of a character that they may be subject to lis pendens, that there is an active lawsuit involving the properties and that they have been sufficiently described; the required elements [of] a lis pendens are satisfied."
As the Georgia Supreme Court has explained:
[For] the existence of a valid and effective lis pendens, it is essential that three elements be present; that is, three material facts must concur; the property must be of a character to be subject to the rule; the court must have jurisdiction both of the person and the subject-matter; and the property involved must be sufficiently described in the pleadings.
(Citations and punctuation omitted; emphasis supplied.) Scroggins v. Edmondson, 250 Ga. 430, 432-433 (2) (297 SE2d 469) (1982). As we recently explained, "[f]or the requirement of subject matter jurisdiction in Scroggins to have purpose, the "court" referred to must be the court before which the underlying litigation was filed." Boca Petroco, Inc. v. Petroleum Realty II, at ___ (2). Although the Florida court in the underlying litigation has jurisdiction over the parties and may take action that indirectly affects the properties at issue, it lacks subject matter jurisdiction over the real property itself. Id. Because the Florida court lacks the requisite subject matter jurisdiction over the Cobb County properties, the lis pendens is invalid under Georgia law. Id. Consequently, the Superior Court of Cobb County erred in denying Petroleum's motion to cancel the notice of lis pendens.
2. Petroleum's remaining claims of error are moot.
3. Petroleum's motions to remand and consolidate are denied as moot.
Judgment reversed. Blackburn, P. J., and Miller, J., concur.