## S08G1206. ATMOS ENERGY CORPORATION v. GEORGIA PUBLIC SERVICE COMMISSION.

(674 SE2d 312)

HUNSTEIN, Presiding Justice.

In this challenge to a rate change ruling by the Georgia Public Service Commission ("PSC"), the Court of Appeals vacated the superior court's order on the petition for judicial review filed by Atmos Energy Corporation ("AEC") on the basis that the superior court lacked jurisdiction to hear the petition and then remanded the case to that court with direction that it dismiss the petition. *Atmos Energy Corp. v. Ga. Public Svc. Comm.*, 290 Ga. App. 243 (1) (659 SE2d 385) (2008). We granted AEC's writ of certiorari to address questions regarding the finality of the orders issued by the PSC. For the reasons that follow, we affirm the Court of Appeals.

OCGA § 46-2-25 governs the procedure for changing any rate, charge, classification or service by any utility subject to the jurisdiction of the PSC. Subsection (a) of that statute requires the utility to give 30 days notice to the PSC and the public regarding such a change. Pursuant to subsection (b) of OCGA § 46-2-25, the PSC, in order to enter upon a hearing concerning the lawfulness of the change, is authorized to suspend the operation of the proposed change and defer the use of the change "but not for a period longer than five months beyond the time when it would otherwise go into effect." Should a longer period of time be necessary, OCGA § 46-2-25 (b) explicitly authorizes the PSC to "apply to the Superior Court of Fulton County for an extension of such period, as provided for in Code Section 46-2-57."

The facts pertinent to this case are as follows. AEC, a natural gas distribution company subject to the PSC's jurisdiction, commenced a

utility rate-change proceeding before the PSC on May 20, 2005. The PSC suspended operation of that change pursuant to OCGA § 46-2-25 (b) and conducted a series of hearings on the matter. On the last day of the six-month "file and suspend" period provided in OCGA § 46-2-25,[1] the PSC entered a 12-page order (the "November Order") that contained findings of facts and conclusions of law authorizing AEC to increase its rates in part. Although the November Order stated, at the bottom of each page, that it was a "final order," it also specifically provided that "[a] more detailed Order explaining each item herein will follow." AEC chose to file a petition for rehearing and reconsideration of that order. See PSC Rule 515-2-1-.08. At its administrative session in December 2005, the PSC addressed AEC's motion and, by voice vote, decided to amend and modify a portion of the November Order to correct a computation error.

Within 30 days of the December voice vote, AEC filed a petition in the Fulton County Superior Court in which it sought judicial review of the November Order and December voice vote. While this petition was pending, the PSC issued a 59-page "Order on Reconsideration and Final Order" for "the purpose of ruling on [AEC's] Petition for Rehearing, Reconsideration and Oral Argument and providing the more detailed Order referenced in the November . . . Order." This order, which also corrected the computation error as voted on at the December administrative session, was issued on February 2, 2006. The PSC later moved to dismiss AEC's petition on various grounds. In its response, AEC specifically asserted that the February Order was not valid and a "nullity" because it was filed approximately two and one-half months after expiration of the "file and suspend" period in OCGA § 46-2-25 and a month and one-half after the December voice vote to deny AEC's motion for reconsideration. The superior court denied the PSC's motion to dismiss on the basis, inter alia, that AEC "constructively petitioned for judicial review of the February" Order, and affirmed the PSC's rate change ruling on the merits. As noted above, the Court of Appeals then vacated the superior court's ruling and remanded the case with direction that it dismiss the petition. *Atmos Energy Corp.*, supra, 290 Ga. App. at 249 (1).

1. AEC contends the Court of Appeals erred by holding that the November Order was not a final order subject to judicial review. Although AEC points to a number of factual issues that it asserts

---

[1] The "file and suspend" period consists of the 30 days after which a proposed change would otherwise go into effect combined with the five-month suspension period. OCGA § 46-2-25 (a), (b).

serve to indicate that the November Order could have been a final order, e.g., it was a written order containing findings of fact and conclusions of law and a vote approving the order was entered into the official minutes of the PSC, the Court of Appeals carefully examined the language in the November Order itself and found that the order was "nothing more than an interim decision by the PSC. [Cits.]" *Atmos Energy Corp.*, supra, 290 Ga. App. at 246 (1) (a). Our review of the record reveals no error in this factual finding.

AEC also proposes a legal argument in support of its position, which is based on the language in OCGA § 46-2-25 that the PSC "may suspend the operation" of a proposed change "but not for a period longer than five months beyond the time when it would otherwise go into effect." Id. at (b).[2] Relying on this statutory language, AEC asserts that the November Order had to be a final order because the PSC was required by OCGA § 46-2-25 to decide the proposed change by the end of the "file and suspend" period. This argument, however, overlooks this Court's contrary interpretation of OCGA § 46-2-25 in *Atlanta Gas Light Co. v. Ga. Textile Assn.*, 266 Ga. 738 (470 SE2d 230) (1996). The trial court in that case found that, although Atlanta Gas Light had dismissed an underlying rate case in which the intervenors had sought to appeal an adverse PSC ruling, the intervenors' appeal was not thereby rendered moot because it "would evade review since a rate case must be decided within six months from notice of a proposed change and it was unlikely that a judicial appeal . . . could be completed prior to the conclusion of the administrative proceeding." Id. at 738. This Court rejected "the trial court's determination that rate cases must be decided within six months" and instead construed OCGA § 46-2-25 (b) as "stat[ing] only that the effective rate suspension period is six months from the date rates are filed," in determining that "no reason appears as to why this issue would evade review in future cases." *Atlanta Gas Light Co.*, supra, at 739 (1). This Court has thus directly rejected AEC's proposed interpretation of the process in OCGA § 46-2-25 as mandating the entry of a final order at the end of the "file and suspend" period.[3] We note that, although the Legislature revisited OCGA § 46-2-25 several years after our opinion was rendered in *Atlanta Gas Light Co.*, see Ga. L. 2002, p. 475, § 2 (adding subsection (e) to the statute), it chose to make no changes to the language this Court construed in *Atlanta Gas Light Co.*, supra, so

---

[2] Appellant also notes the language in OCGA § 46-2-25 (d), which provides that "orders shall be effective from the date such actions are reduced to writing and are signed" and that no PSC order may be given retroactive effect.

[3] This interpretation does not in any manner *preclude* the PSC from issuing a final order at the end of the file and suspend period, if it so chooses.

as to alter our interpretation of the statute. See generally *Tiismann v. Linda Martin Homes Corp.*, 281 Ga. 137, 139 (1) (637 SE2d 14) (2006) (once appellate court interprets statute and General Assembly amends statute in other particulars, court's interpretation becomes integral part of statute to preclude "reinterpretation"). We are not persuaded by AEC's argument that anything in OCGA § 50-13-17 (c) or § 50-13-19 (b) of the Administrative Procedure Act ("APA") requires a different construction now. We therefore reject AEC's legal argument that the November Order was necessarily a final order.

2. The Court of Appeals properly held that the PSC's December voice vote was not a final decision subject to judicial review. It is uncontroverted that the denial of AEC's motion for reconsideration by voice vote at the December administrative session was not reduced to writing and signed by the Chair and Executive Secretary of the PSC. See OCGA § 46-2-25 (d); PSC Rule 515-2-1-.03 (1), (2). We agree with the Court of Appeals that OCGA § 50-13-17 (b) of the APA does not prevail over the more restrictive requirements imposed by OCGA § 46-2-25 (d) regarding the manner in which the PSC renders a decision.[4] "It follows that [AEC] could not rely upon the PSC's December 20 voice vote to confer jurisdiction on the superior court." *Atmos Energy Corp.*, supra, 290 Ga. App. at 248 (1) (b).

3. The public policy concerns AEC raises regarding the PSC's control over the timing of its orders, while compelling, are matters best addressed to the General Assembly.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 9, 2009.

Hulsey, Oliver & Mahar, Julius M. Hulsey, for appellant.

Thurbert E. Baker, Attorney General, Isaac Byrd, Deputy Attorney General, Sidney R. Barrett, Jr., Senior Attorney General, Daniel S. Walsh, Assistant Attorney General, Matthew J. Hardy, for appellee.

---

[4] We find no merit in AEC's contention that the PSC's ruling on AEC's motion to reconsider the November Order was merely a "procedural decision" and not a rate decision under OCGA § 46-2-25.