S08G2019, S08G2020, S08G2025, S08G2043, S08G2044. BOCA PETROCO, INC. et al. v. PETROLEUM REALTY II et al.
(five cases).
(678 SE2d 330)

HINES, Justice.

We granted certiorari to the Court of Appeals in the whole court case *Boca Petroco v. Petroleum Realty II*, 292 Ga. App. 833 (666 SE2d 12) (2008),[1] and related panel cases applying the whole court holding[2] to address the issue of whether a lis pendens may be filed in Georgia to give notice of litigation pending outside of Georgia that involves the Georgia property.[3] Finding that a notice of lis pendens may not be filed in such situation, we affirm the judgments of the Court of Appeals.[4]

The facts giving rise to this litigation are detailed in the whole court opinion of the Court of Appeals. *Boca Petroco v. Petroleum Realty II,* supra at 834. In summary, the appeals stem from lawsuits in Florida between appellants Boca Petroco, Inc., Trico V Petroleum, Inc., and Trico VII Petroleum, Inc. (collectively "Boca"), and appel-

---

[1] The decision was rendered on June 6, 2008, and the associated granted certiorari is S08G2025.

[2] The related appeals, which arise from different trial courts but present the same issue, are: *Boca Petroco v. Petroleum Realty II*, 293 Ga. App. 139 (666 SE2d 566) (decided June 25, 2008) (S08G2043); *Boca Petroco v. Petroleum Realty II*, 292 Ga. App. 896 (666 SE2d 49) (decided June 25, 2008) (S08G2019); *Boca Petroco v. Petroleum Realty II*, 293 Ga. App. 93 (666 SE2d 386) (decided June 18, 2008) (S08G2044); *Boca Petroco v. Petroleum Realty II*, 292 Ga. App. 840 (666 SE2d 17) (decided June 17, 2008) (S08G2020).

[3] Inasmuch as the litigation at issue is in a sister state, the question on certiorari is confined to notice of litigation outside Georgia but within this country and does not address actions pending outside the United States.

[4] The affirmance of the judgments is based upon the Court of Appeals's holding in Division 2 of its whole court opinion and its subsequent application of such holding in its panel decisions; it is unnecessary for this Court to address the Court of Appeals's analyses and conclusions in the remaining divisions of its whole court opinion.

lees Petroleum Realty II, LLC and Petroleum Realty V, LLC (collectively "PR") over respective lease rights for properties in several counties in Georgia, the properties to be used for the operation of gas stations and convenience stores. Boca filed notices of lis pendens against the properties, and PR, with mixed success, petitioned the various trial courts to cancel the notices of lis pendens. The Court of Appeals held that the notices of lis pendens were invalid because the Florida court lacked subject matter jurisdiction over the properties located in Georgia. Id. at 837 (2). The holding by the Court of Appeals is sound.

As noted by the Court of Appeals, "[t]he phrase 'lis pendens' means, literally, pending suit." *Boca Petroco v. Petroleum Realty II*, supra at 835. Its purpose is one of notice, that is, the aim is to inform prospective purchasers that real property is directly involved in a pending lawsuit, in which lawsuit there is some relief sought in regard to that particular property. Id. at 834. Lis pendens has its origins in the common law. *Vance v. Lomas Mtg. USA*, 263 Ga. 33, 35 (1) (426 SE2d 873) (1993). At common law, in order to have a valid and effective lis pendens, certain requirements regarding the property at issue and the court adjudicating the legal dispute had to be satisfied. *Walker v. Houston*, 176 Ga. 878 (169 SE 107) (1933). Furthermore,

> [t]he common law doctrine of lis pendens relied on notice in the actual pleadings filed with the court in initiating litigation of property interests. The doctrine imputed to all third parties constructive notice of the litigation and of the claims against property being asserted in the pleadings and bound third parties to the outcome of the litigation.

*Boca Petroco v. Petroleum Realty II*, supra at 835. The General Assembly has enacted legislation to address the filing of a lis pendens. Id. at 834-835. OCGA § 44-14-610 provides:

> No action, whether seeking legal or equitable relief or both, as to real property in this state shall operate as a lis pendens as to any such real property involved therein until there shall have been filed in the office of the clerk of the superior court of the county where the real property is located and shall have been recorded by the clerk in a book to be kept by him for the purpose a notice of the institution of the action containing the names of the parties, the time of the institution of the action, the name of the court in which it is pending, a description of the real property involved, and a statement of the relief sought regarding the property.

In regard to this statute, the Court of Appeals concluded that "[n]otwithstanding OCGA § 44-14-610, Georgia continues to require a showing of the common law elements of lis pendens before finding that litigation gives rise to a valid lis pendens for which notice may be filed." *Boca Petroco v. Petroleum Realty II*, supra at 835. It did so based upon this Court's affirmation of the common law requirements for lis pendens which are found in *Scroggins v. Edmondson*, 250 Ga. 430, 432 (2) (297 SE2d 469) (1982).[5] There this Court stated:

> To the existence of a valid and effective lis pendens, it is essential that three elements be present; that is, three material facts must concur: the property must be of a character to be subject to the rule; *the court must have jurisdiction both of the person and the subject-matter*; and the property involved must be sufficiently described in the pleadings. Further, the real property must be "involved" in the suit . . . i.e., it must be property which is "actually and directly brought into litigation by the pleadings in a pending suit and as to which some relief is sought respecting that particular property."

Id. at 432 (2) (citations and punctuation omitted; emphasis supplied). And the Court in *Scroggins v. Edmondson* properly determined that the common law elements of lis pendens survive the statutory enactment. OCGA § 44-14-610 focuses on the mechanics of filing a notice of lis pendens and provides that recordation of the notice of lis pendens is necessary for it to be effective; it does not in any manner attempt to alter the prerequisites for such notice. See *Culpepper v. Veal*, 246 Ga. 563 (272 SE2d 253) (1980) (common law rule survives statute regarding same area of concern when statute does not directly address certain elements of common law rule).

A prerequisite is that "the court must have jurisdiction both of the person and the subject-matter." As the Court of Appeals noted, "[f]or the requirement of subject matter jurisdiction in *Scroggins* to have purpose, the 'court' referred to must be the court before which the underlying litigation was filed." *Boca Petroco v. Petroleum Realty II*, supra at 837 (2). Thus, the court at issue is the Florida court.

The remaining question now raised is the meaning of the mandate that the court involved in the underlying litigation have jurisdiction of the "subject-matter" itself. Boca urges that in articu-

---

[5] The common law doctrine of lis pendens is reflected in OCGA § 23-1-18, which provides for "general notice of an equity or claim." See *Patent Scaffolding Co. v. Byers*, 220 Ga. 426, 433 (139 SE2d 332) (1964); *Russell v. Lawrence*, 234 Ga. App. 612, 614 (507 SE2d 161) (1998).

lating this jurisdictional requirement in *Scroggins v. Edmondson*, this Court did not mean the real property subject to the lis pendens, as the Court of Appeals concluded, but rather was referring to the trial court's power to adjudicate the dispute and to grant the relief requested, i.e., the general concept of subject matter jurisdiction. But, that is plainly not the case.

Under common law precepts, the involved court must have jurisdiction over the real property or res[6] for which a notice of lis pendens is sought.[7] *Walker v. Houston*, supra at 880. This is so because lis pendens involves,

> the jurisdiction, power, or control which the court acquires over the property involved in the suit pending the continuance of the action and until its final judgment therein, has for its object the keeping of the subject, or res, within the power of the court until the judgment or decree shall be entered, and thus to make it possible [for courts of justice] to give effect to their judgments and decrees.[8]

*Carmichael Tile Co. v. Yaarab Temple Building Co.*, 177 Ga. 318, 327-328 (2) (170 SE 294) (1933). Accord *Scarborough v. Long*, 186 Ga. 412, 418-419 (2) (197 SE 796) (1938).

As stated in *Boca Petroco v. Petroleum Realty II*,

> [t]he United States Supreme Court noted long ago that a court in one state does not have subject matter jurisdiction over real property in another state and cannot directly affect the title of property in another state. And Florida courts have recognized that they lack jurisdiction over real property in other states.

Id. at 838 (2). Yet, Boca urges that not permitting lis pendens to give notice of litigation outside the state undermines the public policy of affording greater protection to purchasers of Georgia property, thereby discouraging real estate and other business transactions,

---

[6] Common law doctrine permits lis pendens to give notice of a lawsuit brought in a county within the state other than the county in which the real property at issue is located. *Walker v. Houston*, supra at 880.

[7] Indeed, the common law requirement of jurisdiction has been expressly delineated as "the court must acquire jurisdiction both of the person and the *property*." *Ludvik v. James S. Jackson Co.*, 635 P2d 1135, 1140 (Wyo. 1981) (emphasis supplied).

[8] The common law doctrine of lis pendens has given rise to the maxim, "pendente lite nihil innovetur," which means that during the pendency of the litigation, nothing new is to be introduced. *Scarborough v. Long*, 186 Ga. 412, 418-419 (197 SE 796) (1938); *Walker v. Houston*, supra at 880; *Weston Builders & Developers, Inc. v. McBerry, LLC*, 167 Md. App. 24, 29 (891 A2d 430) (2006).

and is contrary to the view taken by a majority of states.

The states are split on the question of extraterritorial application of lis pendens. Jurisdictions that permit notices of lis pendens stemming from litigation outside the state have justified this expansion of the reach of common law lis pendens on policy considerations and/or in light of statutory provisions. See, e.g., *TWE Retirement Fund Trust v. Ream*, 198 Ariz. 268 (8 P3d 1182, 1187 (B) (1) (b)) (Ariz. App. 2000) (statute permitting a party to "an action affecting title to real property" in Arizona to file notice of lis pendens does not limit filing based upon location of the action); *Kerns v. Kerns*, 53 P3d 1157, 1160-1164 (II) (Colo. 2002) (plain language of Colorado statute permits a party, in any action wherein relief affecting title to real property is claimed, to file lis pendens in the county where the Colorado real estate is located, and jurisdiction in which the action is brought is not relevant under statute); *Winters v. Schulman*, 977 P2d 1218, 1223 (1) (C) (Utah App. 1999) (Utah statute not undermined by applying it to out-of-state judicial proceedings because it provides prospective purchasers of Utah real property with more protection); *Belleville State Bank v. Steele*, 117 Wis.2d 563 (345 NW2d 405) (1984) (because statutory lis pendens readily permits determination of any pending litigation affecting the land, "no reason therefore for statutory lis pendens, in contrast to the common law lis pendens, to be limited to the territorial jurisdiction of the court in which the action is pending"). Other states have remained fast to the common law principles of lis pendens. See, e.g., *The Formula Inc. v. Superior Court*, 168 Cal.App.4th 1455, 1460 (86 Cal.Rptr.3d 341) (Cal. App. 3 Dist. 2008) (nothing in text or history of California lis pendens statutes indicates legislative intent to include litigation in the courts of another state within their ambit); *Permanent Financial Corp. v. Taro*, 71 Md. App. 489, 495 (526 A2d 611) (Ct.Spec.App.1987) (the doctrine of lis pendens, as applied in Maryland, will operate against only real or leasehold property that is located in Maryland and is the subject of an action pending in Maryland); *Ludvik v. James S. Jackson Co.*, 635 P2d 1135, 1141 (Wyo. 1981) (no legislative intent to expand common-law doctrine of lis pendens by providing for extraterritorial application).

There is nothing in the present statutory scheme regarding lis pendens to indicate the legislative intent to include litigation in the courts of other states within its reach. See *The Formula Inc. v. Superior Court*, supra at 1460. As to the claim that public policy dictates extraterritorial application, there are compelling policy considerations to the contrary. In *The Formula Inc. v. Superior Court*, it was aptly observed that construing a statutory scheme of lis pendens to include out-of-state litigation might tip the balance between notice for the protection of third-party claimants and abuse

of lis pendens. Id. at 1463-1464. Indeed, the alienation of real property in Georgia could be severely restricted by the mere filing of a lawsuit anywhere in this country. *Permanent Financial Corp. v. Taro*, supra at 495. This would prove even more problematic if the foreign litigation continued for a period of time considered excessive under Georgia practice and procedure or was an action not cognizable under Georgia law or one raising issues antithetical to the public policy of this state. But in the final analysis, if, as a matter of policy, this state is to abandon the common law doctrine of lis pendens in favor of an approach expanding the doctrine's reach outside of Georgia, it is a matter best left to the General Assembly. *Powers v. CDSaxton Properties, LLC*, 285 Ga. 303 (676 SE2d 186) (2009); *Atmos Energy Corp. v. Ga. Public Svc. Comm.*, 285 Ga. 133 (674 SE2d 312) (2009).

*Judgments affirmed. All the Justices concur, except Hunstein, P. J., and Carley, J., who dissent.*

HUNSTEIN, Presiding Justice, dissenting.

I respectfully disagree with the majority regarding what constitutes a valid lis pendens. The majority expressly requires as a prerequisite to a valid lis pendens that the court in which the notice is filed not only be the court that has jurisdiction over the real property for which a notice of lis pendens is sought, but "'must [also] be the court before which the underlying litigation was filed.' [Cit.]" Majority Opinion, p. 489. The majority's holding, however, not only bars out-of-state litigants from filing a valid lis pendens in Georgia, it also adversely affects Georgia litigants whose causes of action involve real property located in more than one Georgia county. Hence, a spouse filing for divorce in Chatham County where the marital residence is located can no longer file a lis pendens on the couple's vacation property in Hall County; parties to a lawsuit over the dissolution of a partnership created to develop realty in Cobb, Fulton and DeKalb Counties would have to file litigation in each of those counties and no consolidation of these actions could be accomplished without sacrificing the validity of the lis pendens.

The majority claims its holding will have no effect on these types of Georgia litigants, relying on *Walker v. Houston*, 176 Ga. 878 (169 SE 107) (1933), which held that "[c]ommon law doctrine permits lis pendens to give notice of a lawsuit brought in a county within the state other than the county in which the real property at issue is located." Majority Opinion, p. 490, n. 6. What the majority plainly fails to recognize, however, is that OCGA § 44-14-610 was enacted for the very purpose of *changing* the "common law doctrine" on which *Walker* relied and that its superseded holding cannot support the majority's claim.

*Walker*, supra, was rendered six years before the enactment of the Lis Pendens Act of 1939, Ga. L. 1939, p. 345, § 1, at a time when "purchasers of land were charged with notice of pending suits involving the title which might have been filed in the county where the land lay or in any other county of the state." Hinkel, Pindar's Georgia Real Estate Law, Vol. 1, § 1-20, p. 29, n. 22 (5th ed. 1998). As the facts in *Walker* reveal, Mary J. Crosby conveyed certain Bacon County property to Walker. The purchase for value was made after Walker had examined Bacon County public records and discovered nothing in them to put him on notice that, during the pertinent time period, Crosby had been named a party in a Pierce County suit filed by Houston regarding her claim of ownership to that same Bacon County property. As this Court phrased it:

> The sole question to be determined is whether the suit to cancel the [Bacon County] deed, as filed and docketed in Pierce County, constituted constructive notice of [Houston's] claim against the property as to those who purchased during the pendency of [the Pierce County] litigation, the same having terminated favorably to [Houston].

Id. at 879. We answered that question as follows:

> At the time Mary J. Crosby of Pierce County proposed to convey the property now in question, there was filed and docketed against her in that county a valid suit in which her claim of title was being attacked. By ascertaining the fact that she resided in Pierce County and by inspecting the dockets and files of the superior court of that county, any person could have discovered the existence and character of [Houston's] claim. Under the law this was a necessary precaution; and this is true notwithstanding the property was located in a different county. . . . Under the facts appearing in the present case, no essential element of a valid notice of lis pendens was lacking.

Id. at 880-881. Thus, as *Walker* clearly explains, the lis pendens in Bacon County was valid, even though there was absolutely nothing about the Pierce County litigation in its public records, because the common law doctrine deemed every potential purchaser of realty to have constructive knowledge regarding litigation involving that realty instituted *anywhere* in the State against the prospective seller of the realty.

Six years after this opinion was rendered, the lis pendens statute was enacted, see Ga. L. 1939, supra, thereby superseding *Walker* and

494

its holding that a valid notice of lis pendens arose by the mere filing of a suit in one county involving realty in another county. The Lis Pendens Act of 1939 "marked a considerable advance in property law reform." Hinkel, supra. Rejecting the *Walker* holding that purchasers of land were charged with notice of pending suits involving title filed anywhere in the State, the new law provided that, "in order for [the] constructive notice to be operative, a notice of lis pendens must be filed [cit.]," *Vance v. Lomas Mtg. USA*, 263 Ga. 33, 35 (1) (426 SE2d 873) (1993), with the further specification that the notice must be "entered on the lis pendens docket of the county where the land lies." Hinkel, supra. See also OCGA § 44-14-610.

It thus appears that the entire premise behind *Walker*'s holding was superseded by OCGA § 44-14-610. In lieu of a constructive notice assumed from the mere filing of a lawsuit anywhere in the State, OCGA § 44-14-610 substitutes a constructive notice created solely from the proper filing of a lis pendens at a specific court on a specific docket in the specific county where the real property is located. It is contrary to the legislative history of the Lis Pendens Act to engraft, as the majority attempts, the common law concept behind *Walker* onto our modern lis pendens statute merely in order to avoid the consequences created by the engrafting of another, equally outdated common law concept onto the same statute, namely, the idea that a lis pendens is only valid in "'the court before which the underlying litigation was filed.' [Cit.]" Majority Opinion, p. 489.

I cannot agree with the majority's efforts to warp *Walker* out of its historical and legal context to obtain the result the majority clearly desires, the barring of out-of-state litigants from accessing Georgia courts to file valid lis pendens. Nothing requires this Court to limit lis pendens in the manner set forth in the majority opinion. Clearly, the plain language of OCGA § 44-14-610 does not mandate that holding. That statute requires only that the action involve real property and contains absolutely no limitation language regarding the situs of the underlying litigation. The case law on which the majority relies, wrenched out of its historical and legal context, does not compel the majority's result, yet the majority refuses to reject it under the peculiar idea that such action by this Court would constitute an "expansion" of the doctrine of lis pendens that can only be handled by the General Assembly. In support of this idea, the majority cites cases clearly distinguishable in that they involved situations where parties asked us to create an entirely new means to levy on property, *Powers v. CDSaxton Properties*, 285 Ga. 303 (676 SE2d 186) (2009), and raised legitimate policy concerns regarding the effect of this Court's long-established interpretation of a procedural statute. *Atmos Energy Corp. v. Ga. Public Svc. Comm.*, 285 Ga. 133 (674 SE2d 312) (2009). The case before us now does not

implicate any of the concerns that have properly warranted our referral of matters to the General Assembly. Rather than an expansion of the statute, we would merely be construing it in a manner consistent with the Legislature's original intent. Accordingly, I would recognize that, rather than being a matter for the Legislature, this case embodies the very purpose of the courts: to construe the language of statutes, reconcile conflicts between statutes and older case law and reevaluate the validity of our own precedent.

Therefore, because I cannot agree with the majority's resurrection of moribund case law and the imposition of a limitation on OCGA § 44-14-610 contrary to its provisions and inconsistent with the long-standing practice of our bench and bar, I respectfully dissent.

CARLEY, Justice, dissenting.

I dissent to the affirmance of the Court of Appeals' judgment, because I disagree with the majority's holding that this state's law forbids the filing of a notice of lis pendens in Georgia regarding out-of-state litigation involving real property located within Georgia. However, I write separately from Presiding Justice Hunstein because I cannot agree that OCGA § 44-14-610 was enacted to supersede the common law holding in *Walker v. Houston*, 176 Ga. 878 (169 SE 107) (1933). To the contrary, *Walker* expounded and developed the common law, and the Lis Pendens Act of 1939, currently codified in OCGA § 44-14-610, did not abandon the common law, but instead facilitated its further development consistent with *Walker*.

Prior to passage of the Lis Pendens Act, when litigation involved real property located within this state and the elements of the common law doctrine of lis pendens were present, the action itself operated as a lis pendens with respect to that property. Rather than replacing that doctrine, the Act simply imposed one additional requirement, stating that "[n]o action . . . as to real property in this state shall operate as a lis pendens as to any such real property involved therein until there shall have been filed" and recorded in the county where the property is located "a notice of the institution of the action containing" certain information. OCGA § 44-14-610.

*Walker* applied the common law doctrine of lis pendens to litigation in a different county than the one in which the property was located. The rationale therefor was " 'to keep the subject of the suit or res within the power of the court until the judgment or decree shall be entered, and thus to make it possible for courts of justice to give effect to their judgments and decrees.' [Cit.]" *Walker v. Houston*, supra at 880. This Court recognized that the effect of its holding was to make it "a necessary precaution" for the purchaser to have

inspected the dockets and files of the superior court of the county in which the seller resided. *Walker v. Houston*, supra. The Lis Pendens Act removed this difficulty in obtaining information from multiple counties, by preventing an action from operating as a lis pendens unless the specified notice is filed in the proper county. Thus, the Act no doubt made the *Walker* decision, six years old at the time, far less onerous to purchasers of real property in Georgia.

This Court is now called upon to determine, as an issue of first impression, whether to extend *Walker* to include out-of-state litigation. In my opinion, we should permit the filing of a notice of lis pendens regarding such litigation, because it would further the purposes of the common-law doctrine as broadened in *Walker*, and because OCGA § 44-14-610 has removed the only policy concern articulated in that case. The policy considerations relied upon in the majority opinion are effectively mitigated by the availability of a motion to cancel the lis pendens for failure of the underlying action to meet those common-law requirements which remain applicable, including at least personal jurisdiction and actual involvement of the pending litigation with the real property at issue. Although I believe that the novel constitutional analysis posited in Presiding Justice Hunstein's dissent is open to question and in any event unnecessary, I do believe that her concerns for fair treatment of out-of-state litigants are valid and support my position that the common-law doctrine of lis pendens, as improved by OCGA § 44-14-610, should encompass out-of-state litigation.

DECIDED JUNE 8, 2009.

*Morris, Manning & Martin, Robert P. Albert, Jeffrey K. Douglass*, for appellants.

*Swift, Currie, McGhee & Hiers, Bradley S. Wolff, Deborah D. Heald, Berger Singerman, Mitchell W. Berger, Fred O. Goldberg*, for appellees.